**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JACK FERM,<br>Plaintiff,<br>vs.<br>COLLEEN MCCARTY, et al.,<br>Defendants. | Case No. 2:12-cv-00782-GMN-PAL<br>**ORDER** |

This case was filed May 10, 2012, and already has ninety-seven docket entries and multiple pending motions which the district judge referred to the undersigned for decision on October 23, 2012.

Plaintiff Jack Ferm is proceeding in this matter pro se. Plaintiff's Complaint (Dkt.) names KLAS, LLC, Colleen McCarty, Steve Kanigher, Gary Waddell, Emily T. Neilson, and www.8newsnow.com (the "KLAS Defendants"). The Complaint alleges KLAS operates a broadcast television station in Las Vegas, Nevada, employs Defendants McCarty, Kanigher, and Waddell as investigative reporters; Defendants Francis and Waddell as news anchors; and Defendant Neilson as its general manager; and runs the 8newsnow.com website. The Complaint also names various Doe and Roe Defendants, whom Plaintiff alleges are employed by KLAS, publish online weblogs featuring defamatory reports about Plaintiff, and are corporate and other entities who have sponsored or promoted the KLAS Defendants' reports on Plaintiff, or are unknown individuals who have commented on reports about Plaintiff on the internet.

On June 13, 2012, Plaintiff filed an Amended Complaint (Dkt. #5) against these Defendants, alleging claims for defamation, invasion of privacy/false light, intentional and negligent infliction of emotional distress, and negligent hiring and supervision. Essentially, the Amended Complaint alleges that the Defendants published online reports between March 2009 and November 2011 falsely claiming, among other things, that Plaintiff had been convicted of felony fraud in Nevada state court. Defendants

allegedly made the same report on the I-Team News broadcast on KLAS's station on November 15, 2011.

On July 27, 2012, Plaintiff filed a Notice of Voluntary Dismissal (Dkt. #8) pursuant to Rule 41 of the Federal Rules of Civil Procedure dismissing Defendants Neilson, Francis, and Waddell without prejudice. Extensive motion practice followed. The following motions are pending:

| Motion | Response/Reply | Related Papers |
|---|---|---|
| Defendants KLAS's, Kanigher's, and McCarty's Motion to Dismiss (Dkt. #10) | Plaintiff's Response (Dkt. #18)<br><br>Defendants' Reply (Dkt. #26) | Plaintiff's Supplement to #18 Opposition (Dkt. #50)<br><br>Defendants' Request for Judicial Notice (Dkt. #11)<br>• Plaintiff's Response to #11 Request (Dkt. #19)<br>• Defendants' Reply to #19 Response (Dkt. #28)<br>• Plaintiff's Reply to #19 Response (Dkt. #29) |
| Plaintiff's First Motion for Partial Summary Judgment: Defamation Per Se Claims (Dkt. #16) | Defendants' Response (Dkt. #34)<br><br>Plaintiff's Reply (Dkt. #40) | Plaintiff's Request for Judicial Notice (Dkt. #17)<br><br>Declaration in Support of Plaintiff's #16 Motion (Dkt. #21)<br><br>Defendants' First Errata to #34 Response (Dkt. #36)<br><br>Defendants' Second Errata to #34 Response (Dkt. #82) |
| Plaintiff's Motion for Preliminary Injunction (Dkt. #22) | Defendants' Response (Dkt. #32)<br><br>Plaintiff's Reply (Dkt. #39) | |
| Plaintiff's Second Motion for Partial Summary Judgment: Intentional Infliction of Emotional Distress Claims (Dkt. #23) | Defendants' Response (Dkt. #37) | Plaintiff's Errata (Dkt. #55)<br><br>Declaration of Herb Sachs in Support of #23 Motion (Dkt. #24) |
| Plaintiff's Motion for Sanctions (Dkt. #30) | Defendants' Response (Dkt. #42) | |

| | | |
|---|---|---|
| Plaintiff's Third Partial Motion for Summary Judgment: False Light/Invasion of Privacy Claims (Dkt. #31) | Defendants' Response (Dkt. #45)<br><br>Plaintiff's Reply (Dkt. #52) | Defendants' Errata to #45 Response (Dkt. #83) |
| Plaintiff's First Motion to Exclude Evidence (Dkt. #46) | Defendants' Response (Dkt. #57)<br><br>Plaintiff's Reply (Dkt. #78) | Errata to Certificate of Service for #46 Motion to Exclude (Dkt. #48) |
| Plaintiff's Motion to Withdraw #30 Motion for Sanctions (Dkt. #49) | Defendants' Response (Dkt. #59)<br><br>Plaintiff's Reply (Dkt. #79) | |
| Defendants KLAS's, Kanigher's, and McCarty's Motion to Strike #50 Plaintiff's Supplement to Opposition to Motion to Dismiss (Dkt. #51) | Plaintiff's Response (Dkt. #66)<br><br>Defendants' Reply (Dkt. #85) | |
| Plaintiff's Second Motion to Exclude Evidence (Dkt. #53) | Defendants' Response (Dkt. #58)<br><br>Plaintiff's Reply (Dkt. #77) | |
| Plaintiff's Motion for Default Judgment Against Defendants (Dkt. #54) | Defendants' Response (Dkt. #84)<br><br>Plaintiff's Reply (Dkt. #97) | Defendants' Errata to #84 Response (Dkt. #92) |
| Plaintiff's Motion to Disqualify Defense Counsel (Dkt. #60) | Defendants' Response (Dkt. #89) | |
| Plaintiff's Motion to Amend/Correct #5 Amended Complaint (Dkt. #61) | Defendants' Response (Dkt. #91) | |
| Plaintiff's Motion to Strike #47 Reply (Dkt. #62) | Defendants' Response (Dkt. #88) | |
| Plaintiff's Motion for Order to Show Cause (Dkt. #63) | Defendants' Response (Dkt. #94) | Plaintiff's Proposed Order to Show Cause (Dkt. #64)<br><br>Plaintiff's Declaration in Support of #63 Motion for OTSC (Dkt. #65)<br><br>Plaintiff's Second Declaration in Support of #63 Motion for OTSC (Dkt. #71)<br><br>Plaintiff's Third Declaration in Support of #63 Motion for OTSC (Dkt. #80) |

| | | |
|---|---|---|
| Plaintiff's Motion for Leave to File a Surreply to #10 Motion to Dismiss (Dkt. #67) | Defendants' Response (Dkt. #95) | |
| Defendants KLAS's, Kanigher's, and McCarty's Motion to Stay and For an Order to Show Cause (Dkt. #68) | Plaintiff's Response (Dkt. #72)<br><br>Plaintiff's Second Response (Dkt. #75)<br><br>Defendants' Reply (Dkt. #90)<br><br>Defendants' Second Reply (Dkt. #96) | |
| Defendants KLAS's, Kanigher's, and McCarty's Motion to Expedite and for Status Conference (Dkt. #69) | | |
| Plaintiff's Motion to Strike Declaration of Todd Kennedy in Support of Defendants' #68 Motion to Stay (Dkt. #70) | | Declaration of Todd Kennedy, attached as Exhibit 1 to Defendants' Motion to Stay (Dkt. #68) |
| Plaintiff's Motion to Strike Declaration of Todd Kennedy in Support of Defendants' #68 Motion to Stay (Dkt. #74) | | Declaration of Todd Kennedy, attached as Exhibit 1 to Defendants' Motion to Stay (Dkt. #68) |
| Plaintiff's Counter-Motion to Have Todd Kennedy Declared a Vexatious Litigant (Dkt. #76) | | |
| Plaintiff's Motion to Reconsider (Dkt. #93) | | |

At a hearing conducted October 23, 2012, the court granted the KLAS Defendants' Motion to Stay Discovery (Dkt. #35) until after their Motion to Dismiss (Dkt. #10) was decided to accomplish the objective of Rule 1 of the Federal Rule of Civil Procedure, the "just, speedy and inexpensive determination" of this action. The Motion to Dismiss is potentially dispositive of the entire case, and Plaintiff agreed he did not need any discovery to respond to the Motion.

Given the large number of motions currently pending, which have now been referred to the undersigned for decision, the court will exercise its inherent authority to manage its docket and stay all further proceedings in this case until the pending motions are decided. *See United States v. W.R. Grace,*

526 F.3d 499, 509 (9th Cir. 2008) (en banc) (citing *Atchison, Topeka & Sante Fe Ry. Co. v. Hercules, Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998).

The parties have filed multiple papers entitled "Errata" and have sought leave to file surreplies. An erratum is "[a]n error that needs correction." *Black's Law Dictionary* (9th ed. 2009). If a document is filed with an error that needs correction, the parties should simply file a corrected version of the document that specifies the correction, using the Notice of Corrected Image entry in the court's electronic filing system.[1] Surreplies and supplemental filings are not authorized by the Federal Rules of Civil Procedure or the Local Rules of Practice, which allow only a motion, a response, and a reply, without express prior leave of court. *See* Fed. R. Civ. P. 7; LR 7-2(a)-(c); *Hill v. England,* 2005 WL 3031136 at *1 (E.D. Cal. Nov. 8, 2005) (citing *Federick v. Mercedes-Benz USA, LLC,* 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005), which provides that allowing "surreplies as a regular practice would put the court in the position of referring to an endless volley of briefs"). Additionally, a reply may not raise a new issue or argument not made in the initial motion. *See, e.g., Cedano-Viera v. Ashcroft,* 324 F.3d 1062, 1066 n.5 (9th Cir. 2003) (citing *Thompson v. Commissioner,* 631 F.2d 642, 649 (9th Cir. 1980)). The court will therefore disregard any arguments raised for the first time in a reply and deny the parties leave to file any surreplies or supplements.

Having reviewed and considered the matter,

**IT IS ORDERED**:

1. All further proceedings in this case are **STAYED** until further order of this court except that the parties may file responses and replies to the following motions as permitted by the Local Rules of Civil Practice and the Federal Rules of Civil Procedure:
   (a) Defendants' Motion to Expedite (Dkt. #69);
   (b) Plaintiffs' Motions to Strike the Declaration of Mr. Kennedy (Dkt. ##70, 74); and

---

[1] Although an erratum may be filed in accordance with the court's electronic filing procedures, it clogs the docket, makes it difficult to link to related papers, and frequently generates additional filings and deadlines. If a party corrects an error with an erratum, the incorrect image remains a part of the court's record and must be linked to the erratum. A corrected image, on the other hand, simply replaces the original filing with the corrected one on the court's docket.

(c) Plaintiff's Counter-Motion to Have Todd Kennedy Declared a Vexatious Litigant (Dkt. #76).

2. Defendants need not file a response to Plaintiff's Motion to Reconsider (Dkt. #93).

3. Leave to file surreplies or supplements is **DENIED.**

Dated this 5th day of November, 2012.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE