UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JACK FERM,<br><br>                              Plaintiff,<br><br>vs.<br><br>COLLEEN MCCARTY, et al.,<br><br>                              Defendants. | Case No. 2:12-cv-00782-GMN-PAL<br><br>**ORDER AND REPORT OF FINDINGS<br>AND RECOMMENDATION**<br><br>(Mtn to Dismiss - Dkt. #10)<br>(Mtn for Judicial Notice - Dkt. #11) |

This matter is before the court on Defendants KLAS, LLC's, Colleen McCarty's, and Steve Kanigher's Motion to Dismiss First Amended Complaint or, in the Alternative, to Strike or for More Definite Statement (Dkt. #10) filed August 31, 2012, and the Defendants' Request for Judicial Notice (Dkt. #11), filed in connection with the Motion to Dismiss. The court has considered Defendants' Motion to Dismiss and Request for Judicial Notice, Plaintiff Jack Ferm's Opposition to the Motion to Dismiss (Dkt. #18), Defendants' Reply (Dkt. #26), as well as Ferm's Response (Dkt. #19) to the Defendants' Request for Judicial Notice, and the Defendants' Reply (Dkt. #28). The court has not considered Ferm's Supplemental Opposition (Dkt. #50) or his Reply (Dkt. #29)[1] to the Request for Judicial Notice because neither filing is permitted by the Federal Rules of Civil Procedure or the Local Rules of Practice. This matter was referred to the undersigned for a report of findings and

---

[1] This document is a sur-reply because Plaintiff called his response to the Defendants' Request for Judicial Notice an "Objection." The Federal Rules of Civil Procedure and the Local Rules of Practice allow parties to file only a motion, a response, and a reply, without express prior leave of court. *See* Fed. R. Civ. P. 7; LR 7-2(a)-(c); *Hill v. England,* 2005 WL 3031136 at *1 (E.D. Cal. Nov. 8, 2005) (citing *Federick v. Mercedes-Benz USA, LLC,* 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005)). Allowing "surreplies as a regular practice would put the court in the position of referring to an endless volley of briefs." *Id.* Surreplies and supplemental filings are not authorized. Thus, Plaintiff was permitted to file a response to the Defendants' Request for Judicial Notice, and the Defendants were permitted to file a reply.

recommendation pursuant to LR IB 1-4 and 28 U.S.C. § 636(b)(1)(B).  For the reasons discussed below, the court will recommend that Plaintiff's First Amended Complaint (Dkt. #5) be dismissed with leave to amend, finding Plaintiff has not properly pled the court's subject matter jurisdiction, and that the First Amended Complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure.

## DISCUSSION

**I.     Introduction.**

    **A.     Procedural History.**

Plaintiff is proceeding in this matter pro se and filed a Complaint (Dkt. #1) on May 10, 2012. On June 13, 2012, Plaintiff filed a First Amended Complaint (Dkt. #5) against Defendants Colleen McCarty, Steve Kanigher, Gary Waddell, Paula Francis, Emily T. Neilson, KLAS, LLC ("KLAS"), and two hundred Doe and Roe Defendants.  The First Amended Complaint asserts claims for: (1) defamation per se against all Defendants; (2) defamation by slander against all Defendants; (3) defamation by libel against Defendants McCarty, Kanigher, and KLAS; (4) invasion of privacy/false light against all Defendants; (5) intentional and negligent infliction of emotional distress against all Defendants; (6) negligent infliction of emotional distress against all Defendants; (7) negligent hiring against Defendants KLAS and Neilson; and (8) negligent supervision against Defendants KLAS and Neilson; and (9) negligence against all Defendants.  On July 27, 2012, Plaintiff filed a Notice of Voluntary Dismissal (Dkt. #8) pursuant to Rule 41 of the Federal Rules of Civil Procedure dismissing Defendants Neilson, Francis, and Waddell without prejudice.

    **B.     Factual Allegations in Plaintiff's Amended Complaint & Rule 8's Requirements.**

Plaintiff's First Amended Complaint is thirty-nine pages long, exclusive of exhibits, and contains nearly two hundred paragraphs.  It is "argumentative, prolix, replete with redundancy, and largely irrelevant."  *McHenry v. Renne,* 84 F.3d 1172, 1176 (9th Cir. 1996).  It contains a description of background information, regarding, among other things, Plaintiff's former mortgage modification business, the U.S. Justice Foundation, and its employees and litigation history.  The First Amended Complaint also refers to Plaintiff's other business ventures and contains a lengthy diatribe about judicial integrity, journalistic ethics, and reporting standards.  Throughout the First Amended Complaint, Plaintiff rails against Defendants, calling them liars and accusing them of "yellow" or

"gotcha" journalism.  A portion of the First Amended Complaint is dedicated to an outlandish discussion about how certain banks, their "investment pool," and their boards of directors (which Plaintiff alleges include former President George H.W. Bush and "other CIA assets") control CBS and have an interest in foreclosure litigation.  *See generally* First Amended Complaint at ¶¶68-83.  Plaintiff concludes these entities directed Defendants' "smear campaign" against Plaintiff in an effort to protect CBS's advertisers, including "the banks," who wanted "an orderly foreclosure and eviction of these resident homeowners who had been defrauded by these same banks."  *Id.*

Plaintiff's Opposition to the Motion to Dismiss clarifies that the crux of his claims is that Defendants falsely reported Plaintiff was involved in a mortgage "scam" and was convicted of a felony.  Specifically, Plaintiff claims that on November 11, 2011, and November 15, 2011, Defendants published reports on www.8newsnow.com falsely claiming Plaintiff had been convicted of felony fraud in Nevada state court.  The First Amended Complaint alleges Defendants made the same report on two I-Team News broadcasts that aired on KLAS's station on November 11 and 15, 2011.  Plaintiff also alleges Defendants published a report on www.8newsnow.com on March 10, 2009, falsely reporting Plaintiff had been held in contempt of court by Judge Ken Corey in Nevada state court.

Defendants seek an order dismissing the First Amended Complaint under Rules 12(b)(1), 12(b)(6), 12(e), and 12(f) of the Federal Rules of Civil Procedure.  Alternatively, Defendants request Plaintiff be required to file a more definite statement clarifying the specifics of his claims.  For the reasons discussed below, the court will recommend the First Amended Complaint be dismissed with leave to file a second amended complaint that complies with Rule 8 of the Federal Rules of Civil Procedure and cures deficiencies addressed in this Order and Report of Findings and Recommendation ("Order and R&R").  Because the court will recommend dismissal of the First Amended Complaint with leave to amend, and this Order and R&R will address the elements of Plaintiff's claims, Defendants' request for a more definite statement will be denied.

Rule 8 requires a complaint contain a "short and plain statement" of a plaintiff's claims showing he or she is entitled to relief, the factual allegations supporting those claims, and the grounds for the court's jurisdiction. Fed. R. Civ. P. 8(a).  "Each allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  The drafters of the Federal Rules provided an official Appendix of Forms "intended

to indicate the simplicity and brevity of statement which the rules contemplate." *McHenry,* 84 F.3d at 1176. The Ninth Circuit found the form complaints in the Appendix to be "dramatically short and plain." *Id.* It examined the negligence form complaint in the Appendix, finding it "sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery. *It can be read and answered in minutes."* 84 F.3d at 1177 (citing Fed. R. Civ. P. Form 9) (emphasis added). Conversely, "[p]rolix, confusing complaints" like Plaintiff's First Amended Complaint "impose unfair burdens on litigants and judges." *Id.* at 1179. The purpose of Rule 8 is to provide a defendant with notice of Plaintiff's claims so that the defendant has a "fair opportunity to frame a responsive pleading." *Id.* at 1174. Although Plaintiff's Opposition to the Motion to Dismiss clarifies what his claims are, the First Amended Complaint does not comply with Rule 8. It consists of lengthy immaterial, inflammatory, and superfluous opinions and editorial comments.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a complaint shall be "freely given when justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit has held that in deciding whether to allow amendment, a court must be guided by the underlying purpose of Rule 15, which is to facilitate decision on the merits rather than on the pleadings or technicalities, and therefore, Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality." *Eldridge v. Block,* 832 F.2d 1132, 1135 (9th Cir. 1987) (citations omitted). Therefore, it will be recommended that Ferm be granted leave to file a second amended complaint which sets forth a "short and plain statement" of his claims against Defendants in compliance with Rule 8 and in accordance with the direction provided in this Order.

II.     **Applicable Law & Analysis.**

   A.     **Legal Standard: Rule 12(b) Motion to Dismiss.**

Defendants seek dismissal of the First Amended Complaint pursuant to Rule 12(b)(1) and 12(b)(6), 12(e), and 12(f) on various grounds. Rule 12(b)(1) raises the court's subject matter jurisdiction. Rule 12(e) governs a motion for more definite statement and Rule 12(f) authorizes the court to strike "any redundant immaterial, impertinent or scandalous matter" from a pleading. Rule 12(b)(6) of the Federal Rules of Civil Procedure directs a court to dismiss a cause of action that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under

this Rule tests the legal sufficiency of a claim. *See Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001). In determining a motion to dismiss, the court only decides whether the pleadings are sufficient, not whether the plaintiff could find evidence to support them. *See Flowers v. Carville,* 310 F.3d 1118, 1130 (9th Cir. 2002) (citing *In re GlenFed, Inc. Sec. Litig.,* 42 F.3d 1541, 1547 (9th Cir. 1994) (en banc)). Dismissal is only proper where the a complaint does not give a defendant fair notice of a legally-cognizable claim and the grounds upon which that claim rests. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *Pacquio v. Mayweather,* 803 F. Supp. 2d 1208, 1211 (D. Nev. 2011) (citing *Mendiondo v. Centienela Hosp. Med. Ctr.,*521 F.3d 1097, 1103 (9th Cir. 2008)). To survive a Rule 12(b)(6) motion, the complaint must also satisfy Rule 8(a)(2)'s notice pleading standard; it must contain a short, plain statement of the claim showing the pleader is entitled to relief. *Pacquio,* 803 F. Supp. 2d at 1211. In considering a motion to dismiss, the court may not generally consider material beyond the pleadings, and it must accept all material allegations in the complaint as true and construe them in a light most favorable to the plaintiff. *See Hal Roach Studios v. Richard Feiner & Co.,* 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990); *NL Indus., Inc.,* 792 F.2d 896, 898 (9th Cir. 1986).

The court is not, however, required to accept as true conclusory allegations, unwarranted factual deductions, or unreasonable inferences. *See Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001). Bare assertions, which are no more than a "formulaic recitation" of the elements of a claim, are not entitled to an assumption of truth. *See Moss v. U.S. Secret Svs.,* 572 F.3d 962, 969 (9th Cir. 2009) (internal citation omitted). Similarly, "[a] pleading that offers 'labels and conclusions' . . . will not do." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009) (citing *Twombly,* 550 U.S. at 555)). Thus, for a complaint to survive a motion to dismiss, "the non-conclusory factual content, and the reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss,* 572 F.3d at 969 (citing *Iqbal,* 129 S.Ct. at 1951).

In deciding a Rule 12(b)(6) motion, the court may also consider documents appended to a complaint, documents incorporated into the complaint by reference, and matters which may be judicially-noticed. *See Carstaphen v. Milsner,* 594 F. Supp. 2d 1201, 1207 (D. Nev. 2009). A court may also consider evidence on which the complaint "necessarily relies" if: (a) the complaint refers to the document; (b) the document is central to the plaintiff's claim; and (c) no party questions the

authenticity of the document. *Marder v. Lopez,* 450 F.3d 445, 448 (9th Cir. 2006); *see also Shwarz v. United States,* 234 F.3d 428, 435 (9th Cir. 2000). The court may treat such a document as part of the complaint and assume its contents are true for purposes of a Rule 12(b)(6) motion. *Marder,* 450 F.3d at 448; *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003). If the plaintiff fails to introduce such a document, the defendant may do so as part of his motion attacking the pleading. *See In re Silicon Graphics, Inc. Sec. Litig.,* 183 F.3d 970, 986 (9th Cir. 2002) (citing *Branch v. Tunnell,* 14 F.3d 449, 453-54 (9th Cir. 1994)). Finally, the court may take judicial notice of "adjudicative facts or matters of public record meeting the requirements of Federal Rule of Evidence 201." *Ritchie,* 342 F.3d at 908; *see also Harris v. County of Orange,* 682 F.3d 1126, 1132 (9th Cir. 2012). Specifically, the court may take judicial notice of undisputed matters of public record, including documents filed in state or federal court. *Harris,* 682 F.3d at 1132. In looking beyond the complaint to matters of public record, the court does not convert the motion to dismiss to one for summary judgment. *See Mack v. South Bay Beer Distribs., Inc.,* 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the court considers any additional materials outside of these, the motion to dismiss is converted to a motion for summary judgment under Rule 56. *See Arpin v. Santa Clara Transp. Agency,* 261 F.3d 912, 925 (9th Cir. 2001).

Defendants request the court take judicial notice of a compendium of documents related to Ferm and the U.S. Justice Foundation in considering the Motion to Dismiss. Ferm opposes the Request for Judicial Notice with the exception of: Exhibit 6 (a February 27, 2009, state court order to show cause by Judge Ken Cory to Ferm/U.S. Justice Foundation); Exhibit 11 (minutes of proceeding in state court case no. A557926 from March 10, 2009); Exhibit 16 (script from November 16, 2011, "Desert Underwater" broadcast of McCarty); and Exhibit 17 (web story posted on November 15, 2011, by Kanigher). *See* Opposition (Dkt. #19). Because the court is recommending dismissal with leave to amend for failure to comply with Rule 8 and adequately plead the court's subject matter jurisdiction, there is no need to take judicial notice of any of the documents submitted by Defendants, and the motion will therefore be denied.

      **B.**    **Subject Matter Jurisdiction.**

Defendants assert the First Amended Complaint has not properly invoked the court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff has (a) not alleged the parties' states of

citizenship, only their states of residence; (b) not alleged the citizenship of the members and owners of KLAS; and (c) pled Doe and Roe Defendants in the First Amended Complaint. Plaintiff does not respond to these arguments in the Opposition. The Local Rules of Civil Practice in this district provide that failure to file points and authorities in opposition to a motion constitutes consent to the granting of the motion. *See* LR 7-2(d). Although the court could recommend the Motion to Dismiss be granted on this basis alone, it will address the merits of Defendants' subject matter jurisdiction arguments.[2]

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). The court has an independent obligation to inquire into the presence or absence of subject matter jurisdiction sua sponte. *See Truth v. Kent School Dist.,* 499 F.3d 999, 1006 (9th Cir. 2007). The party seeking to invoke federal jurisdiction bears the burden of establishing it. *See Indus. Tectonics, Inc. v. Aero Alloy,* 912 F.2d 1090, 1092 (9th Cir. 1990).

The First Amended Complaint attempts to invoke the court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 by alleging the parties are residents of different states and that Plaintiff's damages exceed the jurisdictional minimum of $75,000. *See generally* First Amended Complaint at ¶¶ 1-2, 21-27. Section 1332 provides that diversity jurisdiction exists in federal court where the plaintiff(s) and defendant(s) are citizens of different states and the amount in controversy exceeds $75,000. *See* 28

---

[2]The Ninth Circuit law on the effect of pleading Doe and/or Roe defendants in diversity jurisdiction cases is split. *See Fat T, Inc. v. Aloha Tower Associates Piers 7, 8, and* 9, 172 F.R.D. 411, 414 (D. Haw. 1996) (collecting cases). Some panels have held that the identity and citizenship of all defendants must be established at the outset of a case. *Id.* (citing, among others, *Garter-Bare Co. v. Munsingwear, Inc.,* 650 F.2d 975, 981 (9th Cir. 1980)). These panels have concluded that pleading Doe defendants destroys diversity jurisdiction. *Id.* Other panels have held that Doe defendants only raise subject matter jurisdiction questions when actual parties are substituted into the case. *Id.* (citing, among others, *Lindley v. General Elec. Co.,* 780 F.2d 797 (9th Cir.), *cert. denied* 476 U.S. 1186 (1986)). These decisions have held that the applicable Doe defendant statute is substantive under the *Erie* doctrine because of its effect on the state's statute of limitations and thus, a federal court sitting in diversity should apply the state's Doe defendant statute. Here, the court need not determine whether naming Doe and Roe Defendants in the First Amended Complaint destroys the court's diversity jurisdiction because the court finds that Plaintiff has not sufficiently pled the parties' citizenship or adequately pled any other cognizable claim. Additionally, Plaintiff asserts he "will make no objection" if the court "orders [the Does and Roes] deleted," and this Order grants leave to file a second amended complaint. Opposition at 4:21-22.

U.S.C. § 1332(a)(1); *see also Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003). In any case where subject matter jurisdiction is premised on diversity, there must be complete diversity–that is, all plaintiffs must have different citizenship than all defendants. *See Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68 & n.3 (1996).

The First Amended Complaint alleges that Defendants McCarty and Kanigher "reside" in Nevada. *See* First Amended Complaint at ¶¶ 23, 24. However, "[i]t is black letter law that, for purposes of diversity, residence and citizenship are not the same thing." *Seven Resorts, Inc. v. Cantien,* 57 F.3d 771, 774 (9th Cir. 1995) (citing *Mantin v. Broadcast Music, Inc.,* 244 F.2d 204, 206 (9th Cir. 1957)). Domicile, not residence, determines citizenship for purposes of diversity jurisdiction. *See Kantor v. Wellesley Gallaries,* 704 F.2d 1088, 1090 (9th Cir. 1983). In order to establish state citizenship for diversity jurisdiction, a person must be a citizen of the United States domiciled in a state within the United States. *Id.* A person is domiciled where he or she has established a fixed habitation where he or she intends to remain permanently. *See Lew v. Moss,* 797 F.3d 747, 749-50 (9th Cir. 1986). Plaintiff's allegations regarding McCarty's and Kanigher's residence are insufficient to invoke the court's diversity jurisdiction.

With respect to KLAS, Plaintiff alleges it is a Nevada limited liability company ("LLC") doing business in Clark County, Nevada. *See* First Amended Complaint at ¶ 22. Unlike individuals, the citizenship of an entity depends upon that entity's form. For example, an unincorporated association such as a partnership has the citizenship(s) of all its members, whereas a corporation "is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated." *Johnson v. Columbia Properties Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006) (citing *Carden Arkoma Associates,* 494 U.S. 185, 195-96 (1990), and 28 U.S.C. § 1332(c)(1)). In *Johnson,* the Ninth Circuit joined a number of other circuits by holding that "like a partnership, an LLC is a citizen of each state of which its owners/members are citizens." 437 F.3d at 899. Here, Plaintiff has not pled any facts about the owners or members of KLAS and their respective citizenship. As a result, the court cannot determine KLAS's citizenship or whether diversity jurisdiction exists. It will therefore be recommended that Plaintiff's First Amended Complaint be dismissed with leave to amend.
///

### C. Statute of Limitations.

Defendants argue that Plaintiff's claims which relate to conduct or speech that occurred before May 11, 2010, should be dismissed as barred by the applicable statute of limitations. Plaintiff does not address this argument in his Opposition. Pursuant to LR 7-2 and for the reasons set forth below, it will be recommended that Plaintiff's claims concerning conduct or speech that occurred before May 11, 2010, be dismissed with leave to amend.

A federal court sitting in diversity must apply federal procedural law and state substantive law. *See Johnson,* 437 F.3d at 900 (citing *Erie R.R. Co. v. Tompkins,* 304 U.S. 64 (1938)). When interpreting state law, federal courts are bound by decisions of the state's highest court. *See Crockett & Myers, Ltd. v. Napier, Fitzgerald & Kirby, LLP,* 440 F. Supp. 2d 1184, 1195 (D. Nev. 2006) (citing *Strother v. S. Cal. Permanente Med. Group,* 79 F.3d 859, 865 (9th Cir. 1996)). The court therefore applies Nevada law. Under Nevada law, the statute of limitations for defamation claims is two years. *See* NRS 11.190(4)(c) & (e). Although the First Amended Complaint alleges a "campaign" of defamation beginning in March 2009, it only specifically alleges one defamatory statement made between March 2009 and May 2010. *See* First Amended Complaint at ¶¶ 154, 167. Plaintiff alleges that on March 10, 2009, Defendant McCarty made a defamatory statement about Plaintiff on a televised news broadcast. Plaintiff filed his Complaint on May 10, 2012. Under NRS 11.190(c) and (e), any claims related to conduct or speech that occurred before May 11, 2010 are time-barred. It will be recommended they be dismissed with leave to amend.

### D. Plaintiff's Defamation by Slander & Defamation by Libel Claims.

Defamation is a publication of a false statement of fact. *Pegasus*, 57 P.3d at 87 (citing *Posadas v. City of Reno,* 851 P.2d 438, 441-42 (1993)). Defamation may be spoken or written. Generally, spoken defamation is slander, and written defamation is libel. *See Flowers,* 292 F. Supp. 2d at 1232 n.1 (citing Restatement (Second) of Torts § 568 (1977)). Historically, the distinction between libel and slander was necessary to determine damages, but as technology advances, the difference between the two has blurred, especially in light of the United States Supreme Court's holding that in most defamation claims, actual damages are required. *See generally* Kraig J. Marton, et al., *Protecting One's Reputation–How to Clear a Name in a World Where Name Calling is So Easy,* 4 Phoenix L.J. 53, 73

(Fall 2010) (citing *Gertz v. Welch, Inc.,* 418 U.S. 323 (1974)). Broadcasts of defamatory matter over television or the radio, however, are an exception to this general rule and are considered libel although the words are technically spoken. *Id; see also* Black's Law Dictionary (9th ed. 2009) (explaining libel is defamation in a "fixed medium," i.e., a writing or picture). Thus, all of Plaintiff's claims (regarding both the November broadcasts and the November web postings) are properly construed as libel claims.

Although defamatory speech is not protected under the First Amendment, the Supreme Court has recognized that our country's "profound commitment to the free exchange of ideas . . . demands that the law of libel carve out an area of 'breathing space' so that protected speech is not discouraged." *Harte-Hanks Comm'ns, Inc.,* 491 U.S. at 686 (internal citations omitted). In order to state a defamation claim under Nevada law, a plaintiff must allege: (a) defendant made a false and defamatory statement concerning the plaintiff; (b) an unprivileged publication to a third person; (c) fault, amounting to at least negligence; and (d) actual or presumed damages. *See Pope v. Motel 6,* 114 P.3d 277, 282 (Nev. 2005) (citing *Simpson v. Mars, Inc.,* 929 P.2d 966, 967 (Nev. 1997)); *Chowdhry v. NLVH, Inc.,* 851 P.2d 459, 462 (Nev. 1993). When the plaintiff is a public figure, the third element "fault" is replaced by "actual malice." *Id.*

A statement is not defamatory if it is privileged. *Lubin v. Kunin,* 17 P.3d 422, 427 (Nev. 2001). Whether a statement is privileged is a question of law for the court. *See Crockett,* 440 F. Supp. 2d at 1195 (citing *Fink v. Oshins,* 49 P.3d 640, 643 (Nev. 2002)); *Circus Circus Hotels, Inc. v. Witherspoon,* 657 P.2d 101, 105 (Nev. 1983). In *Sahara Gaming,* the Nevada Supreme Court recognized the fair reporting privilege–"a special privilege of absolute immunity from defamation" given to news media reporting judicial proceedings. *See Sahara Gaming Corp. v. Culinary Workers Union Local 226,* 984 P.2d 164, 166 (Nev. 1999). The privilege "precludes liability even where the defamatory statements are published with knowledge of their falsity and personal ill will toward the plaintiff." *Circus Circus,* 657 P.2d at 105. Under Nevada law, the fair reporting privilege provides absolute immunity to a party who makes a "fair, accurate, and impartial report of events occurring in judicial proceedings." *Id.* In determining what constitutes a fair report, the Ninth Circuit has recognized that courts should account for "a certain amount of literary license" and exercise "a degree of flexibility." *Dorsey v. Nat'l Enquirer,* 973 F.2d 1431, 1434-37 (9th Cir. 1992).

1    In exchange for this absolute privilege, reports of judicial proceedings must be fair, accurate, and impartial. *Id.* The fair reporting privilege extends beyond news media to "any person who makes a republication of a judicial proceeding from material available to the general public. *Id.*; *see also Wynn v. Smith,* 16 P.3d 424, 429 (Nev. 2001) (citing Restatement (Second) of Torts § 611 (1965)). The purpose of the privilege is to "obviate any chilling effect on the reporting of statements already accessible to the public." *Wynn,* 16 P.3d at 429. The Nevada Supreme Court has held that the scope of the fair reporting privilege is "quite broad," and it should be applied "liberally, resolving any doubt in favor of its relevance or pertinecy." *Fink,* 49 P.3d at 644. The First Amended Complaint contains numerous allegations that Defendants' broadcasts and publications were reports about judicial proceedings. The First Amended Complaint does not, however, allege the statements were unprivileged, which is a required element to state a claim for defamation under Nevada law. *See Pope,* 114 P.3d at 282.

### E.   Plaintiff's Defamation Per Se Claim.

Certain classes of defamatory statements are considered defamatory per se and are actionable without proof of damages. *Clark County Sch. Dist. v. Virtual Educ. Software, Inc.,* 213 P.3d 496, 503 (Nev. 2009); *Pope,* 114 P.3d at 282 (citing *K-Mart Corp. v. Washington,* 866 P.2d 274, 282 (Nev. 1993)). For example, a false statement imputing criminal conduct to a person has historically been regarded as per se defamatory. *Id.* Other classes of statements which have historically been considered defamation per se are those which impute a person: (a) has a loathsome disease; (b) lacks fitness for trade, business, or profession; and (c) has engaged in serious sexual misconduct. *Id.*

### E.   Plaintiff's False Light Claims.

The tort of false light/invasion of privacy is "an odd hybrid of defamation and intentional infliction of emotional distress." *See Flowers v. Carville,* 310 F.3d 1118, 1132 (9th Cir. 2002). Under Nevada law, a false light claim differs from a defamation claim in one respect–the injury in the false light claim is mental distress at having been exposed to public view, while the injury in a defamation action is damage to reputation. *Id.* (citing *People for the Ethical Treatment of Animals v. Bobby Berosini,* 895 P.2d 1269, 1274 n.4 (Nev. 1995), *overruled in part on other grounds by City of Las Vegas Downtown Redevelopment Agency v. Hecht,* 940 P.2d 134 (1997) (internal citation omitted)).

1 The elements of a false light claims are set forth in the Restatement (Second) of Torts, which provides,

> One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy, if
>
> (a) the false light in which the other was placed would be highly offensive to a reasonable person, and
>
> (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.

Restatement (Second) of Torts § 625E (1977).

### F. Plaintiff's "Alternative" Tort Claims.

Plaintiff's Opposition to Defendants' Motion to Dismiss and Motion for Judicial Notice clarify that the gravaman of the First Amended Complaint is that Defendants McCarty and Kanigher made false claims about Plaintiff in broadcasts on channel 8 and on Defendants' website. Specifically, Plaintiff claims Defendants falsely reported he was convicted of a felony and involved in a mortgage modification scam. The First Amended Complaint is not so straight forward. Defendants assert Plaintiff's claims for negligent infliction of emotional distress ("NIED"), intentional infliction of emotional distress ("IIED"), negligence, negligent hiring, and negligent supervision all fail to state claims upon which relief can be granted, and they should be dismissed. Plaintiff's Opposition does not address these arguments. The failure of an opposing party to file points and authorities in response to any motion constitutes consent to the granting of the motion. *See* LR 7-2(d). However, as there is no Nevada Supreme Court case which directly addresses this issue, this court is unwilling to rule, as matter of Nevada state law, at the pleading stage of this case, that Plaintiff will be unable to state alternative tort claims for relief under state law.

Defendants argue that where the gravaman of a claim is defamation, many jurisdictions do not permit separate causes of action for mental and/or emotional distress. *See Dworkin v. Hustler Magazine, Inc.,* 668 F. Supp. 1408, 1420-21 (C.D. Cal. 1987), *aff'd*, 867 F.2d 1188 (9th Cir. 1989) (applying California law) (citing *Wilson v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 111 A.D.2d 807, 808 (N.Y. App. 1985)). In *Dworkin*, the Ninth Circuit recognized that without such a rule, any defective defamation claim could be revived by pleading an IIED claim. *Id.* As explained by one

California state court, to allow an emotional distress claim based on facts underlying a defamation claim would be "a step toward 'swallowing up and engulfing the whole law of public defamation.'" *Flynn v. Higham,* 149 Cal. App. 3d 677, 681 (Cal App. 1983).

Similarly, Defendants also argue many jurisdictions do not permit separate negligence-based actions where the crux of a plaintiff's claim is defamation. *See Felton v. Schaeffer*, 229 Cal. App.3d 229, 239 (Cal. App. 1991). Defendants rely on opinions from state courts in the Ninth Circuit, which have held that permitting a plaintiff to sue in negligence for claims arising out of defamatory speech allows plaintiffs to "evade the strictures of libel law and avoid the applicable defenses by framing all libel actions as negligence causes of action, merely by pleading the defendant was negligent." *Id.* (applying California law); *see also Barnes v. Yahoo!, Inc.,* 570 F.3d 1096, 1102-03 (9th Cir. 2009) (applying Oregon law); *Ross v. Gallant, Farrow & Co., P.C.,* 551 P.2d 79, 82 (Ariz. Ct. App. 1976) (citing Prosser, *Handbook of the Law of Torts,* 737-801 (4th ed. 1971)). This line of cases is persuasive. However, as the Nevada Supreme Court has not decided whether a plaintiff may maintain separate causes of action where the gravaman of his or her claim is defamation, this court will not decide the matter at the pleading stage of this case..

### III.   Conclusion.

The court finds the First Amended Complaint does not properly invoke the court's subject matter jurisdiction by pleading the parties' citizenship. In addition, the First Amended Complaint does not comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure. The First Amended Complaint does not contain a short and plain statement of Plaintiff's claims. This Order and R&R outlines the elements Plaintiff must plead to state the claims asserted in the First Amended Complaint and points out that many courts in the Ninth Circuit do not permit separate claims arising out of the facts underlying a defamation claim to provide Plaintiff with direction in filing a second amended complaint consisting of a plain, short, and concise statement of his claims devoid of redundant, immaterial, impertinent, and scandalous material. For the reasons stated, the court will recommend that the First Amended Complaint be dismissed with leave to file a second amended complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure if Plaintiff believes he can cure the deficiencies described in this Order and R&R.

For the reasons set forth above,

**IT IS ORDERED** that Defendants' Request for Judicial Notice (Dkt. #11) is DENIED.

**IT IS RECOMMENDED** that:

1. Defendants' Motion to Dismiss (Dkt. #10) be GRANTED in part consistent with the body of this Order and R&R.
2. Plaintiff's First Amended Complaint be DISMISSED with leave to amend.
3. Plaintiff be granted leave to file a second amended complaint that complies with Rule 8 of the Federal Rules of Civil Procedure no later than **February 28, 2013,** if he believes he can correct the noted deficiencies.
4. Plaintiff be advised that the second amended complaint must be a complete document in and of itself and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the First Amended Complaint will no longer be before the court.
4. Plaintiff be required to clearly title the second amended complaint as such by placing the words "SECOND Amended Complaint" on page 1 in the caption, and Plaintiff be required to place the case number, **2:12-cv-00782-GMN-PAL** above the words "SECOND AMENDED"in the space for "Case No."
5. Plaintiff be expressly cautioned that if he does not timely file a second amended complaint in compliance with this order, this case may be immediately dismissed.

Dated this 28th day of January, 2013.

                                                  PEGGY A. LEEN
                                                  UNITED STATES MAGISTRATE JUDGE

**NOTICE**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court.

Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.