**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

|  |  |
|---|---|
| JACK FERM,<br><br>       Plaintiff,<br><br>vs.<br><br>COLLEEN MCCARTY, et al.,<br><br>       Defendants. | Case No. 2:12-cv-00782-GMN-PAL<br><br>**REPORT OF FINDINGS<br>AND RECOMMENDATION**<br><br>(Mtn for Preliminary Injunction - Dkt. #22) |

  This matter is before the court on Plaintiff Jack Ferm's Motion for Preliminary Injunction to Require the Removal of All Negative Comments Placed on the Web by KLAS-TV and Defendants Colleen McCarty and Steve Kanigher and to Prohibit Defendants from Posting to the Internet and Over KLAS-TV Further Reports About Plaintiff's Plea Agreement (Dkt. #22); Defendants KLAS, LLC's, Colleen McCarty's, and Steve Kanigher's Response (Dkt. #32); and Plaintiff's Reply (Dkt. #39).

  The undersigned entered an Order and Report of Findings and Recommendation recommending Plaintiff's complaint be dismissed with leave to amend. The court found that Plaintiff had not adequately invoked the court's diversity jurisdiction or complied with Rule 8 and recommended dismissal of the First Amended Complaint (Dkt. #5) with leave to amend. A district court may not grant a preliminary injunction if it lacks subject matter jurisdiction over the claim before it. *See, e.g., Bear v. C.I.R.,* 799 F. Supp. 1081, 1082 (E.D. Wa. 1991), *aff'd without opinion sub nom. Bear v. U.S.,* 972 F.2d 1336 (1992) (court must determine subject matter jurisdiction before granting equitable relief of injunction); *Shell Offshore, Inc. v. Greenpeace, Inc.,* 864 F. Supp. 2d 839, 842 (D. Alaska 2012) (citing *Cooper Indus., Inc. v. U.S. E.P.A.,* 775 F. Supp. 1027, 1036 (W.D. Mich. 1991) (internal citation omitted); *City of Alexandria v. Helms,* 728 F.2d 643, 646 (4th Cir. 1984); *Neighborhood Toxic Cleanup*

///

*Emergency v. Reilly,* 716 F. Supp. 828, 830 (D.N.J. 1989).  If the court lacks subject matter jurisdiction, any request for a preliminary injunction is rendered moot.  *Shell,* 864 F. Supp. 2d at 842.  Unless and until Plaintiff establishes the court's subject matter jurisdiction, the court cannot decide the instant Motion.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Motion for Preliminary Injunction (Dkt. #22) be DENIED.

Dated this 28th day of January, 2013.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

### NOTICE

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court.  Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.