UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JACK FERM, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:12-cv-00782-GMN-PAL |
| | ) | |
| vs. | ) | **REPORT OF FINDINGS AND RECOMMENDATION** |
| | ) | |
| COLLEEN MCCARTY, et al., | ) | |
| | ) | (Mtn to Amend Complaint - Dkt. #61) |
| Defendants. | ) | |

This matter is before the court on Plaintiff Jack Ferm's Motion to Amend Complaint Under FRCP 15(d) (Dkt. #61); Defendants' Colleen McCarty's, KLAS, LLC's, and Steve Kanigher's Response (Dkt. #91); and Plaintiff's Reply (Dkt. #102).

Plaintiff seeks an order allowing him leave to amend his First Amended Complaint (Dkt. #5) to add claims and parties related to conduct that arose after Plaintiff's original Complaint (Dkt. #1) was filed. Specifically, Plaintiff seeks to add claims against Defendants' counsel, Mr. Todd Kennedy, Mr. Kennedy's law firm, Lionel Sawyer & Collins Ltd,, and a John Doe insurance company[1] for abuse of process and intentional infliction of emotional distress. Plaintiff has attached a proposed second amended complaint to his Motion as Exhibit A as required by Local Rule 15.

The undersigned entered an Order denying Defendant's Motion for Judicial Notice (Dkt. #11) and a Report of Findings and Recommendation recommending that Plaintiff's First Amended Complaint (Dkt. #5) be dismissed with leave to amend. *See* Order and R&R (Dkt. #109). The court found that Plaintiff had not established the court's subject matter jurisdiction or complied with Rule 8

---

[1] Plaintiff alleges Defendant "John Doe Insurance" is the insurer of KLAS, McCarty, and Kanigher and is named "due to [its] control over this litigation and [its] position as the principle who directs, pays for and controls this litigation." *See* Exhibit A at ¶11. Plaintiff is reminded that naming a Doe defendant may destroy diversity jurisdiction as set forth more fully in the Order and R&R entered January 28, 2013. *See* Order and R&R at 7 & n.2.

of the Federal Rules of Civil Procedure. The proposed second amended complaint suffers from the same infirmities as Plaintiff's First Amended Complaint. The undersigned has now granted Plaintiff leave to file a second amended complaint that complies with Rule 8 and properly invokes the court's diversity jurisdiction.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Motion to Amend Complaint (Dkt. #61) be DENIED.

Dated this 29th day of January, 2013.

```
                                        _____
                                        PEGGY A. LEEN
                                        UNITED STATES MAGISTRATE JUDGE
```

**NOTICE**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.