# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JACK FERM, | |
| Plaintiff, | Case No. 2:12-cv-00782-GMN-PAL |
| vs. | **ORDER** |
| COLLEEN MCCARTY, et al., | (Mtn to Reconsider - Dkt. #93) |
| Defendants. | |

This matter is before the court on Plaintiff Jack Ferm's Objections to the Order of Magistrate Judge Peggy A. Leen Entered on October 23, 2012 (Dkt. #93), which the Clerk of the Court docketed as a Motion for Magistrate Judge to Reconsider Magistrate Judge Order re: 73 Order on Motion to Stay. The court excused Defendants from filing a response. *See* Order (Dkt. #100) at 6:3.

Plaintiff contends he objects to the undersigned's Order (Dkt. #) entered October 23, 2012. On October 23, 2012, the court entered Minutes of Proceeding from a hearing it held on Defendants' Motion to Stay (Dkt. #35). The Minutes provide:

> The Plaintiff appears via telephone. The Court hears the representations of Defendants' Counsel and Plaintiff concerning Defendants' Motion to Stay Discovery Pending Decision on Motion to Dismiss [35]. After hearing Counsel's and Plaintiff's arguments, IT IS ORDERED: Defendants' Motion to Stay Discovery [10] is GRANTED. Separate Written Order shall issue. This Court will confer with the District Judge regarding other pending referred motions and may schedule an additional status conference.

Minutes of Proceeding (Dkt. #73). It is not entirely clear which to portion of the Order Plaintiff takes exception because the Motion does not specify. However, it appears that Plaintiff has reconsidered his need for discovery to respond to Defendants' Motion to Dismiss because he now seeks to depose Defendants McCarty and Kanigher. The court specifically asked Plaintiff whether he needed discovery to respond to the (then fully-briefed) Motion to Dismiss, and he responded that he did not.

///

Reconsideration is appropriate if the court: (1) is presented with newly discovered evidence; (2) committed clear error, or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law. *Dixon v. Wallowa County,* 336 F.3d 1013, 1022 (9th Cir. 2003). The Motion to Reconsider does not cite, let alone attempt to comply with the applicable standards. Reconsideration is "an extraordinary remedy, to be used sparingly and in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier. *Id.*

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Reconsider (Dkt. #93) is DENIED.

Dated this 29th day of January, 2013.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE