UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JACK FERM,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>COLLEEN MCCARTY, an individual; STEVE KANIGHER, an individual; and KLAS, LLC, a Nevada limited liability company,<br><br>　　　　　Defendants. | Case No. 2:12-cv-00782-RFB-PAL<br><br>**<u>ORDER</u>**<br><br>Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint or, in the Alternative, Motion for Summary Judgment (ECF No. 132) |

**I.   INTRODUCTION**

Before the Court is a Motion to Dismiss or, in the alternative, a Motion for Summary Judgment filed by Defendants Colleen McCarty, Steve Kanigher, and KLAS, LLC ("Defendants") (ECF No. 132). The Court has reviewed the parties' papers and heard oral argument, and will treat the instant motion as a Motion to Dismiss. For the reasons discussed below, Defendants' motion is granted in part and denied in part.

**II.   BACKGROUND**

Plaintiff Jack Ferm filed this Second Amended Complaint on February 22, 2013, in which he lists causes of action for defamation per se, defamation by libel, false light invasion of privacy, and intentional infliction of emotional distress or, in the alternative, negligent infliction of emotional distress. ECF No. 131. Ferm alleges that between March 10, 2009 and April 10, 2012, Defendants authored and published a series of false and unprivileged articles and reports

1 about his prosecution by the office of the Attorney General of Nevada and subsequent plea
2 agreement. Id. at 1-7. The Court will briefly summarize Ferm's allegations in chronological
3 order.

4 Ferm alleges that on March 10, 2009, Defendant McCarty authored an article published
5 on *www.8newsnow.com*, a website allegedly owned by Defendant KLAS, LLC with a substantial
6 following and readership, in which she reported on Ferm's hearing before a Clark County
7 District Court judge. Id. at 3. According to the Second Amended Complaint, McCarty reported
8 that the judge ordered Ferm "to refund money to a client, and deferred the hearing due to issues
9 Ferm was facing." Id. Ferm alleges that these statements are false and unprivileged. Id.

10 Next, Ferm alleges that on September 21, 2011, McCarty authored an article published on
11 *www.8newsnow.com* in which she reported that Ferm had entered into a plea agreement with the
12 Nevada Attorney General's office and that the plea agreement was not to be adjudicated. Id. at 2-
13 3. Ferm alleges that this article is substantially true. Id. at 2.

14 On November 15 and 16, 2011, Ferm alleges that Defendant Kanigher authored an article
15 published on *www.8newsnow.com* featuring Ferm's picture in which Kanigher stated that Ferm
16 was convicted of a felony. Id. Ferm also alleges that Kanigher amended his article on April 5,
17 2012 to state that Ferm had been "convicted of a felony by a plea agreement" and that Ferm
18 "plead no content [sic] to a felony and was now on probation." Id. at 3. Ferm alleges that these
19 statements are false and unprivileged. Id. at 2-3. According to the Second Amended Complaint,
20 Ferm has not been convicted of any crime and is not on probation. Id. at 3.

21 During the week of November 16, 2011, the Second Amended Complaint states that
22 McCarty reported, both on television and in an article published on *www.8newsnow.com*, that
23 Ferm had been convicted of mortgage fraud. Id. at 2. (Ferm states that this article was amended
24 on May 10, 2012, but does not specify which statements in the article were changed.) Ferm states
25 that McCarty stated on air that "[n]otable convictions include Jack Ferm" and that Ferm's picture
26 was shown simultaneously. Id. Ferm alleges that this statement was false and unprivileged, as
27 Ferm has not been convicted of any crime. Id. According to the Second Amended Complaint,
28

McCarty's article also portrayed Ferm "as a scam," a statement which is false and unprivileged. Id. at 3.

On May 10, 2012, Ferm filed a complaint against Defendants alleging defamation per se, slander, libel, false light, intentional infliction of emotional distress, negligent hiring, negligent supervision, and negligence. See Compl., ECF No. 1. This Court dismissed Ferm's complaint with leave to amend on February 20, 2013, see Order, ECF No. 130, and Ferm submitted his Second Amended Complaint on February 22, 2013. On March 6, 2013, Defendants filed the instant Motion to Dismiss or, in the Alternative, Motion for Summary Judgment.

### III.   LEGAL STANDARD

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted). In addition, documents filed by a plaintiff who is proceeding without counsel (as is the case here) must be liberally construed, and a pro se complaint must be "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)) (citations and internal quotation marks omitted); see also Butler v. Long, 752 F.3d 1177, 1180 (9th Cir. 2014).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but merely asserting "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is not sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation and internal

1    quotation marks omitted). In elaborating on the pleading standard described in <u>Twombly</u> and
2    <u>Iqbal</u>, the Ninth Circuit has held that for a complaint to survive dismissal, the plaintiff must
3    allege non-conclusory facts that, together with reasonable inferences from those facts, are
4    "plausibly suggestive of a claim entitling the plaintiff to relief." <u>Moss v. U.S. Secret Service</u>, 572
5    F.3d 962, 969 (9th Cir. 2009).

6      "As a general rule, a district court may not consider any material beyond the pleadings in
7    ruling on a Rule 12(b)(6) motion." <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688 (9th Cir. 2001)
8    (citation and internal quotation marks omitted). In deciding a motion to dismiss under Rule
9    12(b)(6), the district court's review is limited to the complaint itself; the court does not decide at
10   this stage whether the plaintiff will ultimately prevail on her claims, but rather whether he or she
11   may offer evidence to support those claims. <u>Cervantes v. City of San Diego</u>, 5 F.3d 1273, 1274
12   (9th Cir. 1993) (citing <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974)).

13     If the district court relies on materials outside the pleadings submitted by either party to
14   the motion to dismiss, the motion must be treated as a Rule 56 motion for summary judgment.
15   <u>Anderson v. Angelone</u>, 86 F.3d 932, 934 (9th Cir. 1996). However, two exceptions to this rule
16   exist. First, the court may consider extrinsic material "properly submitted as part of the
17   complaint," meaning documents either attached to the complaint or upon which the plaintiff's
18   complaint necessarily relies and for which authenticity is not in question. <u>Lee</u>, 250 F.3d at 688
19   (citation omitted). Second, the court "may take judicial notice of matters of public record." <u>Id.</u>
20   (citation and internal quotation marks omitted).

21

22   **IV.   DISCUSSION**

23     Defendants have appended twenty-two exhibits to their motion and request that this Court
24   take judicial notice of the exhibits. <u>See</u> Defs.' Req. Judicial Notice & App'x of Exhibits, Mar. 6,
25   2013, ECF No. 133. In the alternative, Defendants ask that their motion be converted into a Rule
26   56 motion for summary judgment.

27     The Court declines to convert the motion to dismiss into a motion for summary judgment
28   and therefore will not consider materials presented outside of the pleadings. This is especially so

given that the parties have not yet had discovery. Thus, the analysis here will be focused on whether Ferm's Second Amended Complaint itself, not the supplemental facts alleged in the briefs relating to the motion to dismiss and in the parties' exhibits, states a claim upon which relief can be granted. The Court also finds it unnecessary to consider the extrinsic materials submitted as part of the pleadings but outside of the four corners of Ferm's Second Amended Complaint, as the sufficiency of Ferm's complaint does not turn on them. At the motion to dismiss stage, the Court need not consider the materials appended to Ferm's complaint in order to assess whether he has stated a claim.

However, the Court will take judicial notice of certain of those documents on file in federal or state courts that have been submitted by the parties. Federal Rule of Evidence 201(b) states in relevant part that courts may take judicial notice of adjudicative facts that cannot be reasonably disputed because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." These facts include "documents on file in federal or state courts." Harris v. Cnty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012). Further, courts are required to take judicial notice of adjudicative facts if a party so requests and supplies the court with the necessary information. Fed. R. Evid. 201(c). However, the Court may nonetheless decline to take judicial notice of documents that are not relevant to the issues before it. Santa Monica Food Not Bombs v. City of Santa Monica, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006). Accordingly, the Court takes judicial notice of Ferm's indictment, plea agreement, and the transcript of Ferm's plea colloquy, as these are documents filed in state court—and thus properly subject to judicial notice—and relevant to the issue of whether Ferm has adequately stated his claims. See Defs.' Req. Judicial Notice & App'x of Exhibits, Ex. 14, 15, 16, Mar. 6, 2013, ECF No. 133.

Ferm has asserted claims for defamation per se, defamation by libel, invasion of privacy by false light, and intentional infliction of emotional distress or, in the alternative, negligent infliction of emotional distress. Defendants raise several arguments in their motion to dismiss. The Court addresses each argument as it is raised with respect to each of Ferm's claims.

**A. Ferm's Claims for Defamation and Defamation Per Se**

With respect to Ferm's defamation claims, Defendants argue that their comments are true or substantially true, that they are protected by the fair report privilege, that McCarty's use of the word "scam" constitutes non-actionable opinion, and that Ferm has not successfully alleged that Defendants acted with malice.

Under Nevada law, a claim for defamation has four elements: "(1) a false and defamatory statement of fact by the defendant concerning the plaintiff; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages." Pope v. Motel 6, 114 P.3d 277, 282 (Nev. 2005). If the plaintiff is a public figure, whether general or limited, he or she also bears the burden of proving by clear and convincing evidence that the defendant acted with actual malice, meaning knowledge of or reckless disregard with respect to the statement's falsity. Pegasus v. Reno Newspapers, Inc., 57 P.3d 82, 90-91 (Nev. 2002). At the motion to dismiss stage, however, the plaintiff is not required to make such a showing of proof—it is enough to aver the state of mind generally. Flowers v. Carville, 310 F.3d 1118, 1130-31 (9th Cir. 2002).

If the defamatory statement "imputes a person's lack of fitness for trade, business, or profession, or tends to injure the plaintiff in his or her business, it is deemed defamation per se and damages are presumed." Clark County Sch. Dist. v. Virtual Educ. Software, Inc., 213 P.3d 496, 503 (Nev. 2009) (citation and internal quotation marks omitted).

The Court finds that Ferm has stated claims for defamation and defamation per se. Accepting Ferm's well-pleaded allegations as true and construing his complaint in the light most favorable to him, it is clear that Ferm has satisfied his pleading burden. Ferm alleges that Defendants made false and defamatory statements of fact concerning him that were unprivileged and published to third parties. Ferm specifically alleges what statements were made, where they were published, and why they were false and defamatory. He also avers that Defendants acted with malice, and supports his allegation by referencing an article written by McCarty prior to the allegedly defamatory articles that accurately described the terms of his plea agreement. He also alleges admissions made by Kanigher in a declaration that Kanigher previously submitted to this

- 6 -

1  Court in which he acknowledged reading the plea agreement. Finally, Ferm alleges that he has
2  suffered damages as a result of Defendants' statements in the form of lost employment
3  opportunities and that the statements harmed Ferm in his business. Ferm has alleged sufficient
4  facts to render it plausible that he may be able to prevail on his defamation and defamation per se
5  claims at trial.

6  Defendants contend that Ferm's defamation claims should be dismissed because the
7  statements made in their articles and reports were true or substantially true, or because they are
8  entitled to the protections of the fair report privilege. However, at the motion to dismiss stage,
9  the Court cannot look beyond the pleadings to determine whether allegedly defamatory
10 statements were true or substantially true, or whether Defendants' summary of official
11 proceedings was "fair, accurate, and impartial" and thus entitled to the fair report privilege.
12 Sahara Gaming Corp. v. Culinary Workers Union Local 226, 984 P.2d 164, 166 (Nev. 1999).
13 The Court is required to accept Ferm's well-pleaded allegations as true. Ferm has listed specific
14 statements made by Defendants that he alleges are false and defamatory and an inaccurate
15 summary of judicial proceedings against him.

16 The Court also notes that, having taken judicial notice of Ferm's plea agreement and plea
17 colloquy, it is by no means clear that Defendants' reports are substantially true, nor is it clear that
18 they are fair and accurate summaries of official proceedings. The Court has no evidence before it
19 that Ferm has actually been convicted, that a conviction is certain to occur, or whether, if a
20 conviction does occur, Ferm will be convicted of a felony or a misdemeanor. Thus, Defendants'
21 citations to D.A.R.E. Am. v. Rolling Stone Magazine, 101 F.Supp.2d 1270, 1288 (C.D. Cal.
22 2000) and Maheu v. Hughes Tool Co., 569 F.2d 459, 465 (9th Cir. 1977) to support their
23 argument that this Court should find for Defendants unless substantial truth "is not evident to the
24 court" actually work against them—and, in addition, appear more appropriately addressed to the
25 Court on a summary judgment standard rather than a Rule 12(b)(6) standard. Therefore, Ferm
26 has alleged enough to overcome the defenses of truth, substantial truth, and the fair report
27 privilege at the motion to dismiss stage.

28 Defendants further argue that their description of Ferm or his business as a scam is an

1  opinion that is not actionable in a defamation claim. This argument also fails. Defendants point
2  to no authority in this Circuit to support their claim that use of the word "scam" is, in every
3  instance, non-actionable opinion. It is certainly plausible that, following discovery, Ferm could
4  present evidence indicating that a factfinder could reasonably conclude that Defendants'
5  description of Ferm or his business as a scam implied an underlying factual assertion that had no
6  basis in truth. Wellman v. Fox, 825 P.2d 208, 210-11 (Nev. 1992).

7  Finally, Defendants claim that Ferm has not shown by clear and convincing evidence that
8  Defendants acted with actual malice, the state of mind required for a public figure plaintiff to
9  prevail on a defamation claim. The parties dispute whether or not Ferm was a limited public
10 figure for the purposes of this action. However, the Court need not decide that issue at this stage
11 because, as discussed above, Ferm has alleged in his Second Amended Complaint that
12 Defendants acted with actual malice and is not required to prove that state of mind at the
13 pleading stage. Flowers, 310 F.3d at 1130-31. Therefore, Ferm's defamation and defamation per
14 se claims must survive.

### B. Ferm's False Light Claim

17 Under Nevada law, a claim for invasion of privacy by false light (which only this year
18 was officially recognized by the Supreme Court of Nevada) requires that the defendant gave
19 publicity to a matter concerning the plaintiff that placed the plaintiff before the public in a false
20 light, if (a) the false light in which the plaintiff was placed would be highly offensive to a
21 reasonable person, and (b) the defendant acted knowingly or with reckless disregard as to the
22 falsity of the publicized matter and the false light in which the plaintiff was placed. Franchise
23 Tax Bd. of Cal. v. Hyatt, 335 P.3d 125, 141 (Nev. 2014) (quoting Restatement (Second) of Torts
24 § 652E (1977)). Defendants argue that Ferm's false light claim should be dismissed because
25 Defendants made no materially false statement and because Ferm's prosecution was already
26 widely reported and publicized by other news sources prior to Defendants' publications.

27 Ferm has adequately stated a false light claim. In his Second Amended Complaint, Ferm
28 alleges that Defendants published that he was convicted of a felony and that he or his business

was a scam. Ferm claims that these statements were false and gave him publicity that would be highly offensive to a reasonable person. Ferm also alleges that Defendants acted knowingly or with reckless disregard for the falsity of their claims. As discussed above, the Court construes Ferm's allegations in the light most favorable to him at the motion to dismiss stage. Therefore, Defendants' argument that their statements were not materially false must fail. Defendants' contention that Ferm's prosecution was already widely publicized must also fail, as Ferm is not required to allege in his pleading that Defendants were the *only* ones to give publicity to Ferm in order to state a claim for false light. Whether Ferm's prosecution was already so widely publicized that Defendants cannot have been said to place him "before the public" is a question of fact more appropriately addressed at the summary judgment stage.

### C. Ferm's Intentional/Negligent Infliction of Emotional Distress Claims

#### 1. Intentional Infliction of Emotional Distress

Under Nevada law, a claim for intentional infliction of emotional distress requires "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation." Star v. Rabello, 625 P.2d 90, 91-92 (Nev. 1981).

Ferm has stated a claim for intentional infliction of emotional distress. He has identified specific conduct by Defendants that he alleges was extreme and outrageous and done with the intent of or reckless disregard toward causing emotional distress. Ferm has also alleged that Defendants' conduct caused him to suffer from "a constant state of depression," unstable levels of "glucose tolerance," and insomnia, as well as grief, shock, humiliation and indignity. The Court finds that it is plausible that Ferm will be able to prove each element of these causes of action at trial.

In their motion to dismiss, Defendants contend that they have not committed extreme or outrageous conduct. This argument, however, does not warrant dismissal on a 12(b)(6) motion where the plaintiff, as here, has specifically alleged that the conduct was extreme and outrageous and the Court has found such allegation to be plausible. Defendants also argue that Ferm's

1  injuries are not severe or extreme. Under Nevada law generally "[i]nsomnia and general physical
2  or emotional discomfort" are not enough to satisfy the extreme emotional distress element.
3  Chowdhry v. NLVH, Inc., 851 P.2d 459, 462 (Nev. 1993). Ferm's allegations, however, as noted
4  above, extend beyond those in Chowdhry. The Court finds that Ferm has sufficiently alleged
5  extreme emotional distress to overcome a motion to dismiss. See Posadas v. City of Reno, 851
6  P.2d 438, 444 (Nev. 1993) (reversing the district court's grant of summary judgment and holding
7  that genuine issues of fact remained on the plaintiff's intentional infliction of emotional distress
8  claim, where the plaintiff alleged that he was subjected to "great ridicule and embarrassment,"
9  suffered from "depression and physical ailments that have required hospitalization," and sought
10 assistance from medical and psychological professionals) (internal quotation marks omitted).

11 Lastly, Defendants argue that Ferm is barred from maintaining an emotional distress
12 claim premised on the same facts as his defamation claim. Defendants cite to Dworkin v. Hustler
13 Magazine Inc., 867 F.2d 1188 (9th Cir. 1989), in which the Ninth Circuit approved of the district
14 court's grant of summary judgment on grounds that a separate emotional distress claim cannot be
15 maintained "where the gravamen is defamation." Id. at 1193 n.2. Dworkin relies on the Ninth
16 Circuit's previous decision in Leidholdt v. L.F.P. Inc., 860 F.2d 890 (1988). In a footnote in that
17 case, the court stated that "[a]n emotional distress claim based on the same facts as an
18 *unsuccessful* libel claim cannot survive as an independent cause of action." Id. at 893 n.4
19 (emphasis added). Defendant's argument fails for two reasons. First, Dworkin and Leidholdt
20 were both based on the Ninth Circuit's interpretation of California law, not Nevada law;
21 Defendants have cited no authority espousing a similar principle in Nevada law. Second, Ferm's
22 claim for defamation by libel has not been found to be unsuccessful; thus, the footnote in
23 Leidholdt appears to be inapposite. The Court therefore concludes that Ferm's intentional
24 infliction of emotional distress claim may proceed.

25         2. Negligent Infliction of Emotional Distress

26 Ferm has also pleaded a claim of negligent infliction of emotional distress. This claim is
27 brought in the alternative with Ferm's claim for intentional infliction of emotional distress, as is
28 permitted by the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8(d)(3).

A claim for negligent infliction of emotional distress for harm inflicted directly upon the plaintiff is only available where the plaintiff has asserted a negligence claim that includes emotional distress as an element of the damages suffered. Shoen v. Amerco, Inc., 896 P.2d 469, 477 (Nev. 1995). In addition, if "emotional distress damages are not secondary to physical injuries, but rather, precipitate physical symptoms, either a physical impact must have occurred or, in the absence of physical impact, proof of 'serious emotional distress' causing physical injury or illness must be presented." Barmettler v. Reno Air, Inc., 956 P.2d 1382, 1387 (Nev. 1998).

Ferm has failed to state a claim for negligent infliction of emotional distress because he has not adequately alleged the physical manifestation of emotional distress that is necessary to support an award of emotional damages under such a claim. See Betsinger v. D.R. Horton, Inc., 232 P.3d 433, 436 (Nev. 2010). Ferm's claims that he suffered depression, nervousness, grief, anxiety, insomnia, and other forms of emotional harm do not meet the physical manifestation requirement. See Barmettler, 956 P.2d at 1387 (psychotherapy and contemplated suicide not enough to satisfy physical manifestation requirement for a negligent infliction of emotional distress claim). Further, Ferm's claim that his "glucose tolerance is unstable" is vague and does not amount to a "physical injury or illness," especially in a case such as this where "there is no guarantee of the legitimacy of a claim for emotional distress damages." Betsinger, 232 P.3d at 436; see also Chowdhry, 851 P.2d at 462 (stating that "general physical discomfort" does not meet the physical impact requirement).

While *pro se* litigants are entitled to a liberal construction of their pleadings, the Court "may not supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Therefore, Ferm's negligent infliction of emotional distress claim must be dismissed. However, Ferm will be given leave to amend his complaint because it is not "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Silva v. Di Vittorio, 658 F.3d 1090, 1105 (9th Cir. 2011) (citation and internal quotation marks omitted).

IV.     CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants Colleen McCarty, Steve Kanigher, and KLAS, LLC's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF No. 132) is **DENIED** with respect to the First, Second, Third, and Fourth Causes of Action as alleged in the Second Amended Complaint (ECF No. 131).

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment is **GRANTED** with respect to the Fifth Cause of Action as alleged in the Second Amended Complaint. Plaintiff Jack Ferm shall have **fourteen (14) days** from the date this Order is entered to amend his complaint with facts sufficient to state a claim for negligent infliction of emotional distress. If he does not do so, this claim will be dismissed with prejudice.

**DATED** this 9th day of December, 2014.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**