Jack Ferm
1812 W. Sunset Blvd
Suite 1-134
St. George, Utah 84770
(435) 674-9222
jackferm@yahoo.com
Plaintiff in Pro Se

FILED ____  ____ RECEIVED
ENTERED ____  ____ SERVED ON
COUNSEL/PARTIES OF RECORD

JAN 2 6 2015

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
_____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Jack Ferm | Case No.  2:12-cv-00782-RFB- PAL |
| Plaintiff, | Judge, Richard F. Boulware |
| VS. | Notice of Motion and Motion to Strike affirmative defenses, and redundant, immaterial, impertinent, and scandalous matter relating thereto in Defendants Amended Answer, and Points and authorities in support thereof |
| Colleen McCarty, an individual and I-team Reporter; Steve Kanigher, an individual and I-Team Reporter; Paula Francis, An Individual; Gary Waddell, an individual; Emily T. Neilson, 8 News Now General Manager: KLAS,LLC, A Nevada Limited Liability Company d/b/a KLAS-TV Channel 8 Las Vegas; 8newsnow.com; and Does 1 through 100, and Roe Corporations 1 through 100 inclusive. | FRCP 12f |
| | FRCP 8 |
| Defendants | |

NOTICE OF MOTION

To Defendants Colleen McCarty, Steve Kanigher, KLAS, LLC and counsel of record Todd Kennedy.

You and each of you will please take notice that Plaintiff Jack Ferm, has filed a Motion to Strike your affirmative defenses, and your redundant, irrelevant, immaterial, impertinent, and scandalous matter relating thereto. The hearing will be held in the courtroom of The Honorable, Richard F. Boulware's courtroom 7C of the Federal Court Located at 333 S Las Vegas Blvd at the time and on the day and date to be determined by the court

The supporting documents filed with this Motion or already on file are as Follows:

1. Your amended answer to the complaint, your alleged factual assertions which still lack factual allegations that support your conclusions and opinions and your affirmative defenses stated therein as well as all redundant, irrelevant, immaterial, impertinent, and scandalous matter relating thereto

2. This motion and the points and authorities submitted therewith

<u>MOTION</u>

Comes now Jack Ferm, Plaintiff above in Pro Se, and moves the court to (1) Strike Defendants affirmative defenses submitted with their amended answer, as identified below and as lacking plausibility, and (2) to strike such additional alleged facts conclusions and opinions as are redundant, immaterial, impertinent, or scandalous matter in Defendants "preamble" to those alleged affirmative defenses.

This Motion is made and based on the grounds (1). That bare conclusions of law or mere conclusions of an alleged defense without specific facts to support those conclusions and opinions, do not provide Plaintiff the essential details necessary to understand or indeed to defend against them, and (2) that matter that is redundant, immaterial, impertinent, or scandalous matter may also be stricken when they are included for an improper purpose, i.e. that they do not address the real issue of the complaint or any legitimate defense or such as to malign the opposing party or prejudice that party.

Defendants have submitted matters that do not address the issues of the complaint. Not one of the alleged affirmative defenses or the litany of alleged facts states a plausible defense or a defense that appears plausible on its face. In addition

Defendants have once again done what they do well, submitted, redundant, immaterial, impertinent, and scandalous matter that has NO bearing on the real issues of this case…<u>The sole issue is</u> …whether Plaintiff was or was not convicted of a Felony, or in indeed any crime whatsoever… Defendants by their counsel submit a litany of information that has no bearing or merit regarding the issues but which are intended to confuse anyone who may read the complaint and his answer and prejudice Plaintiff thereby.

Additionally Defendants obligation under the current application of rule 8c is to state a <u>short and plain</u> <u>statement of facts that support their affirmative defense</u>… Defendants have not submitted a short and plain statement in support of their alleged affirmative defenses, but rather have submitted a <u>book outline</u>…consisting of 12 pages!

*Judge Navarro made a recent order on this subject…See RANDAZZA v. COX CASE NO. 2:12-CV-2040-JAD-PAL.(April 15, 2014)*

Judge Navarro noted that Rule 8(b) of the Federal Rules of Civil Procedure directs defendants answering complaints to "state in short and plain terms [their] defenses to each claim asserted," and "admit or deny the allegations." Doc. 89 at 4 (quoting Fed. R. Civ. Proc. 8(b)). The Court concluded that Cox had failed "to actually address the claims asserted in the Plaintiffs' Complaint. Instead, the statements in Defendant's Answer relate to accusations of conspiracies against her" and "other issues are not relevant to the allegations of cybersquatting" and the other claims in the complaint. *Id.* Judge Navarro gave Cox the chance to file a rule-compliant amended answer. *Id.* Cox was specifically cautioned that *"the extraneous material that is not related to the specific allegations of cybersquatting in the Complaint are improper and should not be included in the amended answer." Id. at 4*

*(emphasis Mine)*

As the court noted: Under Rule 12(f) a "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Matter is "immaterial" if it has no bearing on the controversy before the court. Allegations are "impertinent" if they are not responsive to the issues that arise in the action and that are admissible as evidence The district court also has inherent authority to strike

improper filings "to regulate the conduct of attorneys who appear before it [and] to promulgate and enforce rules for the management of litigation. . .

The "<u>controversy</u>" before this court is… <u>the false claims that Plaintiff was convicted of a Felony</u> …Made by these Defendants…Most of the matter Defendants attempt to include and insert in their affirmative defenses would be objected to at the time of trial and not allowed in as evidence because the matter is irrelevant… and not related to any legitimate defense they could or should have

NOTE: this is Defendants' second attempt to state affirmative defenses…their first attempt was challenged and they realized they would be struck, so they filed an amended answer in a second attempt to properly allege them, and they are still not submitted in the proper form or manner. Affirmative defenses now require a short and plain statement of facts on which the alleged affirmative defense is claimed. The operative mandate for Defendants' edification is "<u>a short and Plain statement of facts</u>" Not a manuscript or book outline!

Defendants have alleged some <u>46 separate paragraphs</u> comprising 12 pages of alleged "affirmative Defenses and alleged facts to support them" which contain mainly redundant, immaterial, impertinent, and scandalous matter that does not address the issue of the complaint as well as conclusions of both law and defenses. No facts were alleged or stated upon which defendants rely in support of their conclusions and opinions, and which would or could be a valid defense to the issues of the complaint as to whether Plaintiff has been convicted of a felony as Defendants have published to third parties, on multiple occasions.

This motion is also grounded on the U.S. Supreme Court decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their progeny which Plaintiff suggests now apply equally to the all Federal Lawsuits both the complaint and affirmative defenses. Accordingly Defendants are now required to

submit as their Affirmative defense a <u>short and plain</u> statement of facts that support their

affirmative defense. Defendants as usual have abused their obligation by submitting

extensive and protracted allegedly factual allegations along with unsupported conclusions

that fail to address the issues of the complaint…their false statements

Dated:  January 19, 2015

Jack Ferm

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. OPENING COMMENT:

Defendants as usual couple their pleading with an attempt to use character

assignation as their defense to the false accusations they have made. They seek to

accomplish this by incorporating scandalous, redundant, immaterial and impertinent

matter that has NO bearing on any relevant issue raised in the complaint. Defendants

further continue to argue that Plaintiff was convicted of a Felony, even in the face of the

Plea Agreement that particularly states he was not! They present NO actual evidence to

support their vitriol claims, because there is none…Their pleadings as usual consist of

slight of hand, that Plaintiff was convicted of a Felony as they stated because he was

arrested, headed the Justice foundation, and was found in contempt because Plaintiff

was found to have been practicing law without a license, (a civil contempt)

Note: the State Bar also did not file a criminal case but filed a civil action seeking a
restraining order. It is a far cry from a civil matter to being convicted of a felony as
Defendants have alleged

One does not equate to the other! The issue is uncompromising, was Plaintiff as

Defendants' have alleged convicted of a Felony…the answer is NO!!! No slight of hand

can change that…no attempt by Defendants to confuse the issue will achieve their goal.

Now after being taken to task for their answer and shown that their affirmative defenses fail, they file an amended answer that is worse then their original and first attempt, which required this additional motion to strike. Defendants have abused rule 8's requirement that the affirmative defense must be stated in a short and plain statement of facts…

Defendants' allegations relating to their affirmative defenses in Paragraphs 1-28 must be stricken as each makes statements that are not relative to the issue of the complaint and are "immaterial" as these statements have no bearing on the controversy before the court. The Allegations are "impertinent" as they are not responsive to the issues that arise in the action. The extraneous material that is not related to the specific allegations of the Complaint are improper and should not be included in the amended answer, these 28 paragraphs which comprise seven (7) pages are not a short and plain statement of facts that support any affirmative defense that is appropriate in this case. Rule 12f provides that any material in an answer that is redundant, immaterial, impertinent or scandalous matter may be stricken; these seven pages (7) must be stricken

> NOTE: Defendants have submitted 12 pages of what they deem to be their affirmative defenses. Seven (7) are allegedly their preamble; the remaining five (5) are their alleged affirmative defenses. However All 12 pages are designated as affirmative defenses, the first 28 paragraphs fail as they are also not supported by a short and plain statement of facts. In fact they all fail as not complying with the new requirements of rule 8c

## 2. STANDARD OF REVIEW

Federal Rule of Civil Procedure Rule 12(f) provides that within 21 days after the service of a pleading upon a party for which the rules do not provide for a responsive pleading, such party may move the court to "order stricken from any pleading any

insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

Fed. R. Civ. P. 12(f).

When presented with such a motion, "a court should strike the disputed matter if it is irrelevant under any state of facts which could be proved in support of the claims being advanced." *Ulla-Maija, Inc. v. Kivimaki*, 2003 WL 169777, (S.D.N.Y. 2003) (quotations omitted) (citing *Reiter's Beer Distributors, Inc. v. Christian Schmidt Brewing Co.*, 657 F. Supp. 136, 144 (E.D.N.Y. 1987)); *U.S. v. 729.773 Acres of Land*, 531 F. Supp. 967, 971 (D. Haw. 1982) (motion to strike part of answer "is appropriately granted where the defense is clearly legally insufficient, as, for example, when there is clearly no bona fide issue of fact or law"); *U.S. v. Maguire Indus.*, 99 F. Supp. 326, 327 (S.D.N.Y. 1951) (granting motion to strike where paragraphs in answer "raise[d] no question as to any material issues of fact"); *see also* 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure Sec 1380 (3d. ed.2004).

("In order to succeed on a motion to strike surplus matter from an answer, it must be shown that the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party.").

The sole issue of the complaint is the statements made by these defendants that Plaintiff has been convicted of a Felony, this is the sole issue of the complaint and the issue that Defendants' Must defend against, if they can…the allegations which comprise the first 7 pages of the Defendants alleged affirmative defenses are so unrelated to Plaintiff's claims that they are unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to Plaintiff .

Flowering pleadings with irrelevant matter serves no useful purpose, except possibly as an attempt to conceal and confuse the only relevant issue of the case! Was Plaintiff a convicted Felon as Defendants have stated?

Motions to strike material from an answer are for the purpose of eliminating "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

Fed. R. Civ. P. 12(f).  When dealing with an insufficient defense, courts are "slow to grant motions to dismiss affirmative defenses. A defendant should be given the opportunity to prove his allegations if there is any possibility that the defense might succeed after full hearing on the merits." _Purex Corp. v. General Foods Corp._, 318 F.Supp. 322, 323 (C.D.Cal.1970). "The presence of a substantial or seriously disputed question of law will preclude a district court from granting a motion to strike." _Mohegan Tribe v. Connecticut_, 528 F.Supp. 1359, 1362 (D.Conn.1982). Nevertheless, a motion to strike under Rule 12(f) is committed to the discretion of the court. See _Federal Sav. & Loan Ins. Corp. v. Gemini Management,_ 921 F.Supp. 241, 244 (9th Cir.1990). "Under Federal Rule of Civil Procedure 12(f), the Court 'may order stricken from any pleading ⋯ any redundant, immaterial, impertinent or scandalous matter.' " _Bureerong v. Uvawas,_ 922 F.Supp. 1450, 1478 (C.D.Cal.1996). Motions to strike are generally regarded with disfavor. _Id._ "Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation[.]" _State of California Dept. of Toxic Substances Control v. Alco Pacific, Inc.,_ 217 F.Supp.2d 1028, 1033 (C.D.Cal.2002). When considering a motion to strike, courts must view the pleading in the light more favorable to the pleader. See _Lazar v. Trans Union LLC,_ 195 F.R.D. 665, 669 (C.D.Cal.2000). Moreover, a court must deny the motion to strike if any doubt exists whether the allegations in the pleadings might be relevant in the action. _In re 2TheMart.com. Inc. Sec. Lit.,_ 114 F.Supp.2d 955, 965 (C.D.Cal.2000)

The litany Defendants state as the factual support for their affirmative defenses such as for example paragraph four where they state that the US Justice Foundation promised to stop foreclosures, has no bearing to any issue of the complaint and whether or not Plaintiff was convicted of a Felony…the only purpose for this flashpoint is Defendants hope that a jury will be prejudiced when reading this statement…each paragraph stated in Defendants' preamble to their affirmative defenses fails for this same reason. All seven (7) pages…The comments by the court at Plaintiff's acceptance of the Plea Agreement are merely the opinion of the judge and were not based on any evidence

presented by Plaintiff or his counsel. They do not support Defendants claim that Plaintiff was convicted as the Judge specifically stated both in colloquy and the Plea agreement that he was withholding adjudication… that means that there will be no conviction!…this inclusion by Defendants is merely an attempt to prejudice the reader and confuse the real issue, which is once again whether Plaintiff has been convicted of a Felony. The colloquy at the hearing stated affirmatively that Adjudication was to be withheld, what the Judge may or may not have believed has NO bearing on Defendants' defenses, as the Judge did not convict…Their defenses MUST be to address their comments and any real affirmative defense that would allow them to escape liability.

> Under Fed.R.Civ.P. 12(f), a court may strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, motions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation. *Naton v. Bank of California,* 72 F.R.D. 550, 551 n. 4 (N.D.Cal.1976) (citing 2A J. Moore, *Federal Practice* Sec 12.21[2] at 2429 (2d ed.1975)).

Motions to strike under Rule 12(f) are disfavored and should only be granted " 'when the pleading to be stricken has no possible relation to the controversy'." *Augustus v. Board of Public Instruction of Escambia County, Florida,* 306 F.2d 862, 868 (5th Cir.1962) (quoting *Brown & Williamson Tobacco Corp. v. United States,* 201 F.2d 819, 822 (6th Cir.1953)); *see also*

**American Rivers, Inc. v. Nooa Fisheries**
Not Reported in F.Supp.2d, 2006 WL 468353
D.Or.,2006.

"The district court possesses considerable discretion in disposing of a Rule 12(f) motion to strike redundant, impertinent, immaterial, or scandalous matter." Wright & Miller, Federal Practice and Procedure: Civil 3d Sec 1381. Federal case law establishes that a motion to strike "should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." *Id.*

**Xerox Corp. v. ImaTek, Inc.**
220 F.R.D. 244
D.Md.,2004.

**Ulla-Maija, Inc. v. Kivimaki**
Not Reported in F.Supp.2d, 2003 WL 169777, *6
S.D.N.Y.,2003.
January 23, 2003 (Approx. 9 pages)

These paragraphs refer to Bunstine's alleged sexual harassment of an Ulla-Maija employee named Chani Sanchez. These allegations do not relate to any of the claims asserted by the parties in this action and are thus irrelevant. Accordingly, plaintiff's motion to strike is granted with respect to paragraphs 166-174 of the Answer.

A motion to strike under Rule 12(f) serves to eliminate redundant, immaterial, impertinent, or scandalous matter in pleadings. It is the primary mechanism for objecting to an insufficient defense. *See Plaza Assoc., Inc. v. Kolb Dev., Inc.,* No. Civ. A. 91-703, 1992 WL 78384 at *1 (E. D. La. April 9, 1992), *order vacated on other grounds by* No. Civ. A. 91-703, 1993 WL 165697 (E. D. La. May 10, 1993); *see also* 5A CHARLES ALAN WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE SEC 1380, at 644 (1990).

Some courts have refused to consider a Rule 12(f) motion to strike a motion to dismiss, noting that "a Rule 12(f) motion to strike only concerns striking matters from pleadings and a motion to dismiss is not a pleading." *O'Connor v. State of Nev.,* 507 F.Supp. 546, 548 (D.Nev.1981) (citing *Hanraty v. Ostertag,* 470 F.2d 1096 (10th Cir.1972), *aff'd by* 686 F.2d 749 (9th Cir.1982); *see also Breier v. Northern Cal. Bowling Proprietors' Ass'n,* 316 F.2d 787, 789 (9th Cir.1963)). Other courts take a less stringent approach. *See, e.g., Rizzo v. Tyler,* 438 F. Supp. 895, n. 1 (S.D.N.Y.1977) (considering a motion to strike an untimely filed motion to dismiss on the merits); *Monroe v. Board of Ed. of Town of Wolcott,* 65 F.R.D. 641 (D.C.Conn.1975) (although a motion to strike is not a strictly proper method of challenging affidavits, the court considered the basis of the challenge to the propriety of the affidavits.). Generally, motions to strike are viewed with disfavor, as a potentially dilatory tactic. *See* 5A CHARLES ALAN WRIGHT & ARTHUR

1   MILLER, FEDERAL PRACTICE AND PROCEDURE SEC 1380, at 647. "Motions to strike

2   affirmative defenses are not favored by the court, and before such a motion can be

3   granted, the court must be convinced that there are no questions of fact and that any

4   questions of law are clear and not in dispute, and that under no set of circumstances can

5   the defense succeed." *Soanes v. Baltimore & O.R. Co.,* 89 F.R.D. 430, 431 n. 1

6   (E.D.N.Y.1981).

7        It should be noted that the matter Plaintiff seeks to strike are not the affirmative

8        defenses. But rather paragraphs 1-28 of their Litany of alleged facts that are in the
         preamble to those defenses the affirmative defenses are being addressed

9        separately below.

10       The Court has already taken Judicial Notice of the Plea Agreement and the
         colloquy surrounding the plea agreement and is familiar with the issues of this

11       case; accordingly it would be proper to strike the offending material which is only

12       "allegedly" factual, but irrelevant, immaterial and scandalous allegations

13       Pleadings are not evidence, and judicial policy favors resolution of disputes on the

14   merits. *Rennie & Laughlin, INC. v. Chrysler Corp.*, 242 F.2d 208, 213 (9th Cir. 1957) ("a

15   case should be tried on the proofs rather than the pleadings"). Before the court will strike

16   matters asserted to be "irrelevant," the court must find "it is clear that the matter to be

17   stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v.*

18   *Kentucky Central Life Ins. Co.*, 814 F.Supp. 820, 830 (N.D.Cal. 1992). This is a finding

19   the court can make at this time with respect to the matters challenged in Defendants

20   answer. To qualify as "redundant" matters, the allegations must be entirely foreign to the

21   issues involved or constitute needless repetition of allegations, another finding the court

22   can make at this time from the face of the pleadings. "Immaterial" matters are those

23   having no bearing on the controversy before the court, with any doubts regarding whether

24   the allegations might be an issue in the action resolved by denying the motion to strike.

25   See *Omni Home Financing, Inc. v. Hartford Life and Annuity Ins. Co.*, 208 WL 1925248,

26   *8 (S.D.Cal. Apr. 29, 2008).. "Impertinent" matter includes allegations that are not

27   responsive or relevant to issues presented by the litigation and which could not be

28   admitted as evidence in the action. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th cir.

1993), rev'd on other grounds 510 U.S. 517 (1994). Finally, "scandalous" allegations have been defined as those that cast a "cruelly" derogatory light on a party or other person. See, e.g., *Talbot v. Robert Matthews Distributing Co.*, 961 F.2d 654, 665 (7th Cir. 1992) (allegations or implications that a milk distributor intentionally caused an outbreak of salmonella in order to consummate a fraudulent scheme against route drivers qualified as subject to strike as "scandalous").

The court can find such a degree of cruel disparagement in the admittedly forceful characterizations from obviously frustrated defendants adamant in their denials of the wrongdoing FERM alleged in his Complaint. Especially when faced with a judgment that will potentially be more then any insurance policy and more then they can respond to in damages.

Rule 12(f) further provides that a district court may order matters stricken "upon the court's own initiative at any time". According to the United States Court of Appeals for the Seventh Circuit, this portion of the rule allows a district court to review a motion to strike at any point in the proceedings, reasoning that the court would be "considering the issue of its own accord" ..." *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1399 (7 Cir. 1991).

The sole issue is whether Plaintiff has been convicted of a crime and whether if so was that crime a felony...Defendants sole tactic has been to look at the plea agreement, and argue that even though it says Plaintiff is not being convicted, that nevertheless plaintiff has been convicted...convoluted thinking and a desperate attempt for defendants mired in quicksand to grasp for straws.

Plaintiff further moves to strike Defendants affirmative defenses delineated in paragraphs 29 -45 on the grounds that these Affirmative defenses also lack specific factual support and lack plausibility on their face, some are even insufficient defenses as a matter of law

Not one of Defendants affirmative defenses (provided below) comply with the Supreme Court decisions *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*.

The U.S. Supreme Court has revisited *Conley v. Gibson*, 355 U.S. 41 (1957) and set new minimum requirements for a complaint to survive a motion to dismiss, in all civil actions under Rule 12(b)(6). In each case, the Court analyzed the meaning of "a short and plain statement of the claim showing that the pleader is entitled to relief" within the context of Rule 8(a)(2). *Twombly*, 550 U.S. at 545; *Iqbal*, 556 U.S. at 678. In Twombly, the Court held that the "threshold requirement of Rule 8(a)(2) [is] that the 'plain statement' possesses enough heft to 'show that the pleader is entitled to relief.'" id. at 555. Accordingly, a complaint must state "enough facts to state a claim of relief that is (p)lausible on its face." id at 570. The Court clarified *Twombly's* reach in *Iqbal*-- holding that the "plausibility" standard applies in all civil actions,... *Iqbal*, 556 U.S. at 684. The Court then set a two-step approach examining the sufficiency of a complaint. First, *a district court is to disregard statements that are "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."* id at 678. These conclusions "can provide the framework of a complaint," but, due to the absence of factual support, they "are not entitled to the assumption of truth." id at 679. Second, a district court should "assume [the] veracity" of "well-pleaded factual allegations" and "determine whether they plausibly give rise to an entitlement to relief id.

Many district courts have since held that the *Twombly/Iqbal* heightened pleading standard applies to affirmative defenses:

See, e.g., *Microsoft Corp. v. Lutian*, 2011 WL 4496531, at *2 (N.D. Ohio Sept. 27, 2011); *Nixson v. The Health Alliance*, 2010 WL 5230867, at *2 (S.D. Ohio Dec. 15,

2010); *HCRI TRS Acquirer, LLC v. Iwer*, 708 F.Supp.2d 687, 691 (N.D. Ohio 2010); *Bradshaw v. Hilco Receivables, LLC*, 725 F.Supp.2d 532, 534 (D. Md. 2010); *Palmer v. Oakland Farms, Inc.*, 2010 WL 2605179, at *5-6 (W.D. Va. June 24, 2010); *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp.2d 1167, 1171 (N.D. Cal. 2010); *Burns v. Dodeka, LLC*, 2010 WL 1903987, at *1 (N.D. Tex. May 11, 2010); *On Command Video Corp. v. Roti*, 2010 WL 1752350, at *4 (N.D. Ill. Apr. 30, 2010).

In fact, some district courts have gone so far as to suggest that extending the *Twombly/Iqbal* pleading standard to affirmative defenses is the majority approach.

> *See, e.g., Shaw v. Prudential Ins. Co. of Am.*, 2011 WL 1050004 (W.D. Mo. March 21, 2011*); Lane v. Page*, 272 F.R.D. 581 (D.N.M. 2011); *Bradshaw*, 725 F. Supp.2d at 534; *Hayne v. Green Ford Sales*, 263 F.R.D. 647, 650 (D. Kan. 2009). Courts extending *Twombly* and *Iqbal* to Rule 8(c) affirmative defenses have appealed both to the language of Rule 8(c) and the underlying rationale and policies in *Twombly* and *Iqbal* to justify their holdings. *See, e.g., HCRI TRS Acquirer, LLC*, 708 F.Supp.2d at 691; *Shinew v. Wszola*, 2009 WL 1076279, at *4 (E.D. Mich. April 21, 2009).

When reading FRCP rule 12f this reasoning becomes clear.

(f) MOTION TO STRIKE. The court may strike from a pleading an *insufficient defense* or any *redundant, immaterial, impertinent, or scandalous matter*. The court may act:

(1) on its own; or

(2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

(*Emphasis and underscoring mine*).

The Majority of courts believe the plausibility standard applies to affirmative defenses.

> See, e.g., *Tiscareno v. Frasier*, No. 2:07–CV–336, 2012 WL 1377886, at *14 n.4 (D. Utah Apr. 19, 2012); *Aguilar v. City Lights of China Rest., Inc.*, Civil Action No. DKC 11–2416, 2011 WL 5118325, at *2–3 (D. Md. Oct. 24, 2011) (citing cases); *Lane v. Page*, 272 F.R.D. 581, 589 & ns. 5–6 (D.N.M. 2011) (citing cases); *Piontek*, 2010 WL 4449419, at *3 (citing cases); see also *Amy St. Eve & Michael A. Zuckerman, The Forgotten Pleading*, 7 Fed. Cts. L. Rev. 152, 166 (2013); Leslie Paul Machado & E. Matthew Haynes, Do Twombly and Iqbal Apply To Affirmative Defenses?, 59 Fed. Law. 56, 57 (July 2012). The opinions holding that the plausibility standard applies to affirmative defenses have relied primarily on two justifications. "First, they reason that it makes neither sense nor is it fair to require a plaintiff to provide the defendant with enough notice that there is a plausible, factual

basis for [a] claim under one pleading standard and then permit a defendant under another pleading standard simply to suggest that some defense may possibly apply in the case." _Aguilar_, 2011 WL 5118325, at *2

"Federal Rule of Civil Procedure 12(f) permits a district court, on motion of a party, to "'order stricken from any pleading any insufficient defense.'" _Waste Mgmt. Holdings, Inc. v. Gilmore_, 252 F.3d 316, 347 (4th Cir. 2001)

The decision whether to strike an affirmative defense is discretionary and courts generally refrain from striking affirmative defenses absent a showing that not doing so would unfairly prejudice the movant. _Certain Underwriters at Lloyd's, London v. R.J. Wilson & Assocs., Ltd._, Civil No. CCB–11–1809, 2012 WL 2945489, at *5 (D. Md. July 17, 2012) (citations omitted).

When a defendant as here, states affirmative defenses and provides no set of facts to support them, but merely states conclusions of a defense and their opinions…and attempts to provide redundant immaterial and scandalous matter to support them a Plaintiff is prejudiced by a necessity to conduct discovery well beyond that ordinarily permissible under the Federal rules of discovery. Second, litigation efficiency: boilerplate defenses serve only to clutter the docket and . . . create again unnecessary work by requiring opposing counsel to conduct unnecessary discovery thus increasing the cost of litigation. In this case the court will find many of the alleged affirmative defenses are stated incorrectly, are insufficient as a matter of law, or simply do not apply

"An affirmative defense is '[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's . . . claim . . . . .". _Saks v. Franklin Covey Co._, 316 F.3d 337, 350 (2d Cir. 2003) Plaintiff is entitled to have sufficient facts stated, in a short and plain statement which Defendants rely on for their affirmative defense,

3. HISTORY:

For the fifty years leading up to Twombly, the federal courts relied on the liberal notice pleading standards outlined in _Conley v. Gibson_, 355 U.S. 41 (1957) which held with reference to Rule 8(a)(2) that "all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley directed "that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." When the Court reinterpreted Conley's "notice pleading" standard half a century later in Twombly, it once again focused exclusively on Rule 8(a)(2),explaining that to "show the pleader is entitled to relief," the plaintiff must plead sufficient factual matter to show a claim is "plausible on its face." Two years later, when Iqbal made it clear that Twombly's plausibility standard extends "to all civil complaints," the Court similarly restricted its holding to an interpretation of Rule 8(a)(2).

The numerous district court opinions that have addressed whether plausibility pleading should be extended to affirmative defenses generally discuss four main issues: (1) whether fairness and historical precedent dictate that courts hold plaintiffs and defendants to the same pleading standard, (2) whether Twombly applies to Rule 8 as a whole or Rule 8(a) specifically, (3) whether the policy rationale motivating the Twombly and Iqbal decisions necessitates extending plausibility pleading to affirmative defenses, and (4) whether Rule 12(a)'s twenty-one-day time limit for filing an answer unfairly prejudices defendants held to a plausibility standard.

**4. Defendants Affirmative Defenses should be held to a plausibility standard**

In the years immediately following Twombly and Iqbal, most district courts that considered affirmative defense pleading standards extended plausibility pleading from complaints to defenses. The district courts that extend plausibility pleading to affirmative defenses have nearly all advanced three principal arguments in support of their positions: (1) fairness indicates that Twombly's plausibility standard, like Conley's notice standard before it, should apply symmetrically to complaints and defenses; (2) Twombly reinterpreted notice pleading generally, equally affecting complaints under Rule 8(a), answers under Rule 8(b), and affirmative defenses under Rule 8(c); and (3) the policy concerns underlying the Twombly decision justify applying plausibility pleading to affirmative defenses.

**5. Basic Fairness and Historical Precedent Necessitate the Application of Symmetrical Pleading Standards.**

Four articles have been written to date advocating for the application of heightened pleading standards to affirmative defenses.

> See *Melanie A. Goff & Richard A. Bales, A "Plausible" Defense: Applying Twombly and Iqbal to Affirmative Defenses*, 34 Am. J. Trial Advoc. 603 (2011); *Joseph A. Seiner, Plausibility Beyond the Complaint*, 53 Wm. & Mary L. Rev. 987 (2012); *James V. Bilek, Comment, Twombly, Iqbal, and Rule 8(c)*: Assessing the Proper Standard to Apply to Affirmative Defenses, 15 Chap. L. Rev. 377 (2011); *Nathan A. Leber, Note, Solving a Pleading Plague: Why Federal Courts Should Strike Insufficient Affirmative Defenses Under the Twombly–Iqbal Plausibility Standard*, 61 Clev. St. L. Rev. 231 (2013).

Of all the arguments to justify extending plausibility pleading to affirmative defenses, the assertion that basic fairness requires courts to apply the same pleading standard to both plaintiffs and defendants is probably the most deeply entrenched in district court jurisprudence. Early cases considering affirmative defense pleading

standards post-Twombly cited this historically motivated argument, and the first major

scholarly article on the subject noted its ubiquity.

The primary thrust of the argument is simple: since Rule 8's goal is to ensure fair

notice to all litigating parties, it would make no sense to apply one pleading standard to

plaintiffs and another to defendants. Courts support this simple proposition in two ways:

they argue that (1) plaintiffs and defendants have historically shouldered the same

burden under Rule 8's pleading standards and that (2) because Twombly's plausibility

standard superseded the previous Conley standard, if plausibility pleading is not

extended to affirmative defenses, courts will be unable to evaluate the sufficiency of such

pleadings in the face of a Rule 12(f) motion to strike.

The plausibility courts that advance a basic fairness argument typically cite

precedent from the Conley era, during which time circuit courts agreed that "[a]n

affirmative defense is subject to the same pleading requirements as is the complaint,"

*Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). Or they quote Charles Wright

and Arthur Miller's similar pre-Twombly acknowledgment that complaints and affirmative

defenses were held to an identical notice pleading standard. *See 5 Charles Alan Wright &*

*Arthur R. Miller, Federal Practice and Procedure Section 1274 (3d ed. 2004)* ("The

general rules of pleading that are applicable to the statement of a claim also govern the

statement of affirmative defenses under Federal Rule 8(c).").

Since circuit courts applied the Conley standard uniformly to both complaints and

affirmative defenses, the plausibility courts reason, the new Twombly plausibility standard

must similarly create symmetrical pleading standards for plaintiffs and defendants.

Example: The Northern District of California decisions on affirmative defense
pleading standards—which have thus far unanimously adopted symmetrical

plausibility pleading *Powertech Tech., Inc. v. Tessera, Inc.,* No. C 10-945 CW, 2012 WL 1746848, at *4 (N.D. Cal. May 16, 2012) ("Within the Northern District of California, it appears that the judges who have decided the issue thus far have uniformly found that the Twombly and Iqbal standard does apply to affirmative defenses.").—follow this line of historical reasoning. The Powertech court reasoned that since "'the Ninth Circuit [had] applied the Conley pleading standard for complaints to the pleading of affirmative defenses,'" and Twombly simply "changed the legal foundation" provided by Conley for determining when a pleading provides fair notice, Twombly's new standard should apply to both complaints and affirmative defenses, just as Conley's standard did before it. id. (quoting *Perez v. Gordon & Wong Law Grp.,* P.C., No. 11-CV-03323-LHK, 2012 WL 1029425, at *6 (N.D. Cal. Mar. 26, 2012)). While these decisions augment their appeal to past practice with additional textual and policy arguments, they demonstrate how heavily plausibility courts rely on pleading practices under Conley to justify extending Twombly's standard for complaints to affirmative defenses.

The plausibility courts' reliance on historically symmetrical pleading standards gives rise to a second, related argument. They assert that unless Twombly's plausibility standard is extended to affirmative defense pleading, courts will not be able to "make a . . . determination on whether an affirmative defense is adequately pleaded" when challenged by a Rule 12(f) motion to strike. This argument can be traced back to *United States v. Quadrini*, 69 Fed. R. Serv. 3d 953, 958 (E.D. Mich. 2007). In which the court stated at 958…"This clarification by the Supreme Court that a plaintiff must plead sufficient facts to demonstrate a plausible claim . . . cannot be a pleading standard that applies only to plaintiffs. It must also apply to defendants in pleading affirmative defenses, otherwise a court could not make a Rule 12(f) determination on whether an affirmative defense is adequately pleaded . . . ."); see also *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 650 (D. Kan. 2009) (following Quadrini's reasoning). One of the first cases to consider affirmative defense pleading standards in the months following Twombly, and it rests on two key assumptions arising from pleading practices under Conley. First, the Quadrini decision and courts that follow it assume, based on pre-

Twombly precedent, that affirmative defenses challenged under Rule 12(f) are "tested under a standard identical to Rule 12(b)(6)." *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 737 (N.D. Ill. 1982); accord *Renalds v. S.R.G. Rest. Grp.*, 119 F. Supp. 2d 800, 802 (N.D. Ill. 2000) ("[A]ffirmative defenses must meet the standards of Federal Rule of Civil Procedure 12(b)(6) . . . ."). This assumption stems from the fact that the circuit courts applied Conley's per-missive pleading standard to both complaints and affirmative defenses. These courts accordingly saw a challenge to a complaint under Rule 12(b)(6) as the "mirror image" of a challenge to an affirmative defense under Rule 12(f). *Solvent Chem. Co. v. E.I. DuPont De Nemours & Co.*, 242 F. Supp. 2d 196, 212 (W.D.N.Y. 2002) ("The standard for striking an affirmative defense is the mirror image of the standard for considering whether to dismiss for failure to state a claim."). Based on this Conley-era understanding that Rules 12(f) and 12(b)(6) are inextricably linked to a single, symmetrical pleading standard, the Quadrini court reasoned that Twombly's plausibility standard for plaintiffs' complaints "must also apply to defendants in pleading affirmative defenses," or motions to strike would cease to function. *Quadrini*, 69 Fed. R. Serv. 3d at 958.  Second, at least one commentator has suggested that Quadrini stands for the proposition that since "Twombly rejects . . . Conley and requires" that pleaders show a "'plausible' claim of relief," *Quadrini*, 69 Fed. R. Serv. 3d at 958, courts can "no longer employ Conley on a Rule 12(f) motion to strike affirmative defenses, but must instead apply Twombly." Plausibility courts that follow Quadrini's reasoning argue that even if extant Rule 12 precedent allowed courts to apply different pleading standards to complaints and affirmative defenses, courts would nevertheless be foreclosed from applying Conley's original permissive pleading standard since it was abrogated by

Twombly; _Tracy v. NVR, Inc._, No. 04-CV-6541L, 2009 WL 3153150, at *7 (W.D.N.Y.

Sept. 30, 2009) ("Indeed, the Twombly plausibility standard applies with equal force to a

motion to strike an affirmative defense under Rule 12(f)."), report and recommendation

adopted by 667 F. Supp. 2d 244 (W.D.N.Y. 2009).

## THE FOLLOWING DEFENSES ARE INSUFFICIENT

Not one of Defendants affirmative defenses, meet the plausibility standard!

Paragraph 29, Defendants first affirmative defense:

> 29. The Complaint fails to state a claim upon which relief may be granted against Defendants and further fails to entitle plaintiff to the relief sought, or to any other relief whatsoever, from Defendants.

> No facts provided merely a conclusion of law and must be stricken

> 30. Plaintiff filed his original complaint on May 10, 2012. The statute of limitations for Plaintiffs claims is two (2) years. pursuant to NRS 11 .190(4)(c) & (e). Accordingly, Ferms  claims with respect to any story published by any defendant prior to May 10, 2010 are barred under the applicable statute of limitations. Additionally Ferms claims or the relief sought under them, are barred in whole and by the doctrines of waiver, laches or estoppel arising out of, without limitation, his admissions and statements in open court in his criminal case in addition to his Plea Agreement through which he conceded that the State could prove the elements of the crimes charged agreed to repay his 'victims' and, if he made full restitution, agreed to plead guilty to an amended charge of attempted theft and be sentenced accordingly. Ferm was additionally found to be, in fact, guilt)' by the presiding judge "notwithstanding" his nolo contendere plea (to which he made no objection).

> This entire affirmative defense is immaterial impertinent and scandalous it was intended to prejudice the reader. Additionally Nevada has not ruled and so far is Not a single publication rule state…matter on the web can be pursued on a daily basis as long as the false matter remains thereon, in addition this false claim by McCarty in her article of March 10, 2009 goes toward establishing Malice as evidence of her fabricating her news articles about Plaintiff, and shows a history of deception. There was NO such order by Judge Corey, irrespective of Counsels attempt to argue that Green is really pink…it isn't!...green is green, by any definition

> Their allegations that Plaintiff's "admissions and statements in open court in his criminal case in addition to his Plea Agreement through which he conceded

that the State could prove the elements of the crimes charged agreed to repay his 'victims" and, if he made full restitution, agreed to plead guilty to an amended charge of attempted theft and be sentenced accordingly. Ferm was additionally found to be, in fact, guilt)' by the presiding judge "notwithstanding" his nolo contendere plea (to which he made no objection)." Does not support their allegations that Ferm was convicted of a crime…this affirmative defense must be stricken….Ferm was NOT found to be guilty as Defendants falsely claim. This is merely an attempt to shift the issue…and confuse…and must be stricken…This would not even be allowed in at trial

31. Plaintiffs claims are based upon various articles and broadcast stories that, while focusing primarily on others reported on legal proceedings involving Ferm, summarizing for the public the outcome of those proceedings. The reports were a fair abridgement of proceedings and successful prosecution of Ferm. The stories, which are already part of the Record on file in this action and speak for themselves, were true or substantially true, and, therefore, Plaintiffs claims are barred by the absolute privilege doctrine including, but not limited to, the fair report privilege, applied to defamation and libel claims.

Again lacking specific factual support, Defendants have not stated which articles and how they were true, whether Ferm was indeed convicted of a Felony or at all. Defendants simply make conclusions with No factual support. The articles do speak for themselves and any statements that Plaintiff has been convicted of a Felony any article Defendants would produce would show the articles were false when held against the Plea Agreement. These conclusions do not provide any facts upon which Defendants' rely that their articles were true!

32. Ferm's unlawful activities and actions taking advantage of vulnerable homeowners were a matter of public concern, affecting hundreds of citizens of Clark County. Ferm's actions were the subject of court orders holding him in contempt and barring him or the US Justice Foundation from continuing his actions. The media has an interest in reporting on issues affecting and of concern to the citizens of Nevada. The citizens of Nevada have an interest in being informed of individuals conducting unlawful activities such as Ferm. All stories or broadcast by any Defendant mentioning Ferm were made in good faith and, therefore Plaintiffs claims are barred by the qualified common/community interest privilege doctrine applied to defamation and libel claims.

Again conclusions and impertinent matter these were not reports of any judicial proceeding and their allegations that Plaintiff took advantage of vulnerable homeowners is also an unsupported conclusion. These articles were a self generated story that falsely portrayed Plaintiff as a convicted felon. There is no public concern in reading a false report. There is no common interest when the publication is made on the web to anyone and everyone world wide. Additionally Plaintiff was only held in civil contempt and faced a civil matter by the State Bar.

These were based on being found in a civil matter to have been practicing law without a license…

33. Plaintiffs claims are based upon various articles and broadcast stories that, while focusing primarily on others, reported on legal proceedings involving Ferm, summarizing for the public the outcome of those proceedings. The stories, which are already part of the Record on file in this action and speak for themselves, were true or substantially true, and, accordingly, are not defamatory or libelous under Nevada law.

Again conclusions and impertinent matter these were not reports of any judicial proceeding but a self generated story that falsely portrayed Plaintiff as a convicted Felon and a Scam. The Court has already determined that the reports were not true; McCarty reported the story substantially true in September of 2011…How many times is reasonable to report a story? Even if it had been reported accurately…Therefore this defense fails as being insufficient. Defendants Must show if they can, by real evidence, not what they have so far provided, merely bullying, that Plaintiff was indeed convicted of a Felony…since no such evidence exists they have no defense to their fabricated reports. No amount of bullying or false attempts to argue that Blue is really pink can change the facts. The article by McCarty in September shows that she knew Plaintiff was Not convicted of any crime…yet she stated less then two months later that plaintiff had been convicted and the reference was to a Felony

34. To the extent Plaintiff suffered injury or damage, including harm to reputation, any such alleged harm was not actually or proximately caused by any defamatory or libelous statements published by Defendants and/or were caused by the acts or omissions of Plaintiff (and the consequences of his conduct through operating the US Justice Foundation) or third parties not under the control of Defendants. Any injury Plaintiff allegedly sustained to his reputation, or other injury, resulted from his own conduct which gave rise to the stories reported by Defendants or other media, along with publicly available information regarding him, published or given publicity by Ferm himself or others, including other media and the Attorney General, prior to any alleged defamatory or libelous statements by Defendants.- The harms and individuals include, but are not limited to, the injury Plaintiff has alleged or admitted under oath as being caused by the actions or inactions of others such as Mr. Massi and others similarly sued by Plaintiff In addition, the humiliation and damage to reputation of being publicly held in contempt of court (twice) for the unauthorized practice of law, humiliation and damage to reputation resulting from the Court-ordered shut-down of his US. Justice Foundation enterprise and the factual findings of those courts regarding Ferni and his actions, along with his arrest and prosecution for crimes associated with the US Justice Foundation and the entry of a Plea Agreement are the causes of any injury or damage suffered by Ferm, including injury to reputation.

Again conclusions and opinions and impertinent matter these were not reports of any judicial preceding but a self generated story that falsely portrayed Plaintiff as a convicted felon. No other media published these false reports about Plaintiff. The Massi incident occurred some three years prior to Defendants' false reports, and had no bearing on Defendants false reports which have remained on the web in excess of three years, this defense is legally insufficient

35. In April, 2012, Plaintiff transmitted a demand for retraction. The demand, attached to the Second Amended Complaint, is non-compliant with NRS 41.336 because it lacks specificity. In May, 2012, although the original articles were true and not defamatory the web articles were amended to more fully address the timing of the technical formal conclusion of Ferm's criminal action and sentencing. KLAS broadcast similar clarifications. Although Defendants deny any article defamed or injured Plaintiff, Plaintiffs damages, if any, are limited as a result of demanded and published clarifications pursuant NRS 41.336 and, as a result, is barred from recovering general or exemplary damages as defined by NRS 41.331 through 41.338. Plaintiffs damages claims are also limited for any alleged incorrect statement (which is denied) for which he failed to timely demand retraction.

This alleged defense is legally insufficient as A demand for retraction under Nevada Law does not apply to web Defamation, only to newspaper and Television broadcasts therefore this defense is legally deficient. In addition even assuming a demand was required, which it isn't, there was no correction made as required and in the time permitted.

36. Plaintiff is a public figure as a result of his intentional insertion of himself into a the public controversy regarding the mortgage crisis commencing in 2008, through public appearances, including on television and other media, and holding himself out as a consumer advocate, arising out of the financial downturn commencing in 2008 as well as for reports regarding him and his operation of the US Justice Foundation, a business offering services to Clark County residents and, therefore, must show actual malice, i.e., that defendants published any false statements knowing they were false (which is denied) or in reckless disregard of their truth or falsity (which is also denied) under a clear and convincing standard of proof.

The operative word is a Public Controversy…There was NO public controversy! There was No public debate…at the time of the false comments Plaintiff had not been on the news for more then 3 years. Plaintiff may have been at best news worthy in 2008, but was not in 2011

37. The alleged defamatory statements contained in the stories at issue here were Statements of opinion based upon known facts established in the Pubic Record, including, but not limited to, Court Orders. Statements made in open court, and Ferm's Plea Agreement.

The statements are provably false therefore they are actionable, this defense fails. The Plea agreement they allege to have read states that there was NO conviction as does the court record. This defense is legally deficient

38. Plaintiff fails to plead special damages with the requisite particularity.

A Conclusion without factual support

39. Plaintiff fails to plead his claims with the requisite particularity.

A Conclusion without factual support

40. At all times Defendants acted in good faith and believing that the stories published regarding Ferm were true and accurate. They acted without oppression, fraud or malice, express or implied.

This defense is insufficient as both Defendants' acknowledge they read the plea agreement and McCarty reported it substantially true in September 2011. Both Defendants further admit they worked together on these stories. This defense is insufficient

41. Defendants deny that they are liable for any punitive damages in this case and further state that any award of punitive damages cannot be sustained because a jury: (I) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including, without limitation, the residence wealth and corporate status of Defendants; and (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, each of which would violate Defendants' due process and equal protection rights guaranteed by the Constitutions of the United States and Nevada.

This is an Insufficient defense, In Defamation cases there is NO Punitive damage limit NRS 42.005 (b) (2) The limitations on the amount of an award of exemplary or punitive damages prescribed in subsection 1 do not apply to an action brought against (e)  A person for defamation: (There is No limitation in regard to Punitive Damage awards) it is up to the Jury first and the court to consider thereafter on Remittitur or Additur…This is not even an affirmative defense but rather an appealable issue after a verdict awarding Punitive damages.

It should be noted that Courts sometimes award punitive (or exemplary) damages in addition to compensatory damages. Compensatory damages redress the "loss the plaintiff has suffered by reason of the defendant's wrongful conduct." Punitive damages serve the dual purposes of deterrence and retribution, and are viewed as "quasi-criminal" and as "private fines"; the Supreme Court has defined their imposition as "an expression of [the jury's] moral condemnation."

Punitive damage awards have been found to be constitutional and do not deprive a person of due process. In a 5-4 decision on February 20, 2007, the U.S. Supreme Court vacated and remanded the Oregon Supreme Court's decision in Philip Morris USA v. Williams, Petition for Writ of Certiorari, *Philip Morris USA v. Williams, 549 U.S. ___ (2007) (No.05-1256)*. a case in which the Oregon Supreme Court held that a punitive damages award of $79.5 million did not violate the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution. The Supreme Court had granted certiorari to consider "[w]hether, in reviewing a jury's award of punitive damages, an appellate court's conclusion that a defendant's conduct was highly reprehensible and analogous to a crime can 'override' the constitutional requirement that punitive damages be reasonably related to the plaintiffs' harm Id. The Court declined to examine whether the $79.5 million award was "grossly excessive." *Philip Morris USA v. Williams*, 549 U.S. ___ (2007); 127 S. Ct. 1057, 1060, 1063 (2007).

42. While Defendants deny that they are liable for any punitive damages in this case, Defendants further state that plaintiffs claims for punitive damages cannot be sustained because an award of punitive damages in this case is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount of punitive damages that a jury may impose, and thus would violate Defendants due process and equal protection rights guaranteed by the Constitutions of the United States and Nevada.

See the ARGUMENT ABOVE TO Defendants' paragraph Number 41(their affirmative defense) it also applies here. This defense is insufficient and is not even an affirmative defense but is an appealable issue after judgment

43. While Defendants deny that they are liable for any punitive damages in this case, Defendants further state that plaintiffs claim for punitive damages in this action cannot be sustained because the standards for determining liability for punitive damages fails to give Defendants adequate prior notice of the conduct for which punitive damages may be imposed and are void for vagueness in violation of Defendants' due process rights guaranteed by the Constitutions of the United States and Nevada.

See the ARGUMENT ABOVE TO Defendants' paragraph Number 41(their affirmative defense) it also applies here. This defense is insufficient and is not even an affirmative defense but is an appealable issue after judgment

44. While Defendants deny that they are liable for any punitive damages in this case, Defendants further state plaintiffs claim for punitive damages cannot be sustained because any award of punitive damages are penal in nature, without according to Defendants the same protections accorded to criminal defendants, including, but not limited to, the protection against double jeopardy, unreasonable searches and seizures, self-incrimination, the right to confront adverse witnesses, a speedy trial and the effective assistance of counsel, the denial of each of which would violate Defendants' rights guaranteed by the Constitutions of the United States and Nevada.

See the ARGUMENT ABOVE TO Defendants' paragraph Number 41(their affirmative defense) it also applies here. This defense is insufficient and is not even an affirmative defense but is an appealable issue after judgment

45. To the extent plaintiff has suffered any emotional distress, which is denied, such distress is the result of actions and acts by plaintiff and others, including, but not limited to, emotional distress Plaintiff has alleged or admitted under oath as being caused by the actions or inactions of others, the public sham, humiliation and damage to reputation of being held in contempt of court, twice, for the unauthorized practice of law, the shame, humiliation and damage to reputation resulting from the Court-ordered shut-down of his U.S. Justice Foundation enterprise, and his arrest and prosecution for crimes associated with the U.S. Justice Foundation.

Again Defendants allege conclusions and fail to support those conclusions with a short and plain statement of facts. Their argument and their attempt at an affirmative defense is legally insufficient, Defamation per se as their false statements comprise presumes damages…They are attempting to shift those damages to matters that may have occurred in excess of three years prior

## 6. CONCLUSION

Defendants have stated in support of their inappropriate impertinent and scandalous statements basically boilerplate defenses without providing any factual support that is appropriate including a lack of why or how they apply, or in fact any facts to support their defense necessitating more extensive and costly discovery. Plaintiff requests merely that Defendant provide *sufficient facts* regarding how and why these "alleged" affirmative defenses apply. Or dismiss them!

Dated: January 19, 2015

Jack Ferm

CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of January 2015, I caused a true copy of the following: Motion to Strike Defendants affirmative defenses, on Defendants by first class mail postage thereon fully prepaid and addressed as follows:

Todd Kennedy C/O
Black & Lobello
10777 West Twain Avenue
Third Floor
Las Vegas, Nevada 89135

Linda Reiger